IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>DOUGLAS J. BURGUM, et al.,<br><br>*Defendants.* | Case No. 1:25-cv-02999-RCL<br><br>Hon. Royce C. Lamberth |

**REPLY IN SUPPORT OF GREEN OCEANS' MOTION TO INTERVENE**

More than a year and a half ago, Green Oceans filed the related case of *Green Oceans v. Department of the Interior*, Case No. 1:24-cv-00141-RCL requesting a preliminary injunction to halt construction of the Revolution Wind Project (and a declaration that the Government's approval of the Project was arbitrary, capricious, and otherwise not in accordance with the law). Although the Court denied that preliminary injunction on technical grounds, the Government's Stop Work Order has now given Green Oceans much of the same preliminary relief they sought—halting further destruction of the marine environment, endangered species, and the historic viewshed of the Gilded Age homes owned by Green Oceans' members. Revolution Wind, LLC's (the Company) argument that Green Oceans and its members have no legally protected interest in defending the Stop Work Order is flat wrong. And given that Green Oceans and the Government are adverse parties in the related case of *Green Oceans v. United States*, the Company's argument that this grassroots citizen group's interests are adequately represented by the United States falls far short of the minimal showing required for intervention.[1]

---

[1] *See Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (the D.C. Circuit has "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors."); *Sault Ste. Marie Tribe of Chippewa Indians v. Bernhardt*, 331 F.R.D. 5, 13

1

1. Green Oceans and its members have a direct, palpable, and substantial interest in defending the Stop Work Order. Every day construction does not occur is a day when the environmental and cultural interests Green Oceans seeks to protect escape destruction. With the Stop Work Order in place, fishing grounds at Cox Ledge remain safer and more accessible, navigation hazards are not created, and historic coastlines and views are spared from further obstruction. Lifting the Stop Work Order would allow construction to resume and not only inflict fresh damage on the environmental and cultural interests Green Oceans seeks to protect, but also move the Project closer toward completion, making it harder for the Court to fairly determine the merits of Green Oceans' related Administrative Procedure Act case.

2. Green Oceans has not taken inconsistent positions, as the Company incorrectly argues. Just the opposite, in the Joint Status Report filed last week the Government stated that "[b]ecause the outcome of Interior's ongoing review [of the Project] could impact this litigation, Federal Defendants intend to seek an extension of their summary judgment deadline."[2] The progress of the related case is thus directly tied to the Court's decision on whether the Stop Work Order will remain in force. Although the Stop Work Order does not make Green Oceans' related case nonjusticiable, it directly impacts the schedule for briefing, argument, and final decision in that case.

3. Contrary to the Company's argument, Green Oceans' interests are not aligned with—and are generally adverse to—those of the federal Government. In the related case of *Green Oceans v. Department of the Interior*, Case No. 1:24-cv-00141-RCL, Plaintiff, Green

---

(D.D.C. 2019) (emphasizing that governments are charged with representing the public interest and would be shirking its duty if they advanced narrower interests); *Farmer v. United States Env't Prot. Agency*, 759 F.Supp.3d 101, 110–111 (D.D.C. 2024).
[2] *Green Oceans v. Dep't of the Interior*, Case No. 1:24-cv-00141-RCL (D.D.C. Sept. 10, 2025), Dkt. 87.

Oceans, has sued the Government, and the Government, as Defendant, is actively defending its approvals of the Revolution Wind Project. The Company has intervened as a Defendant, aligning its interests with the Government's. In both this and the related case, Green Oceans' interests in protecting the marine environment, fisheries, navigation, and endangered species are adverse to, and distinct from, those of the Government and Defendant-Intervenor (the Company)—which seek to preserve the approvals of the Project.

4. Green Oceans' timely motion to intervene was filed eight days after the Company filed this suit, and three days after Green Oceans learned that this suit had been filed. The first time Green Oceans learned of this suit was on September 9, 2025, when the Company provided language to be included in the Joint Status Report the Court had ordered in Green Oceans' Administrative Procedure Act case. That addition read: "On September 4, 2025, Defendant-Intervenor Revolution Wind, LLC ("Revolution Wind") filed an action for emergency injunctive relief and to vacate and set aside the August 22, 2025 stop work order as unlawful."[3] On receiving the Company's email, Green Oceans immediately called its Executive Committee into emergency session to authorize intervention, and the motion was filed on September 12, 2025. Though the Company claims prejudice, it shows none, as the Court has set a hearing on the Company's motion for preliminary injunction for Monday, September 22, 2025—eliminating any possible delay or prejudice resulting from this intervention.

Respectfully submitted,

/s/ Roger J. Marzulla
Roger J. Marzulla, Bar No. 394907
Nancie G. Marzulla, Bar No. 400985
Mollie A. Jackowski, Bar No. 1780535
Marzulla Law, LLC

---

[3] *Green Oceans v. Dep't of the Interior*, Case No. 1:24-cv-00141-RCL (D.D.C. Sept. 10, 2025), Dkt. 87.

|  |  |
|---|---|
|  | 1150 Connecticut Ave., NW<br>Suite 1050<br>Washington, DC 20036<br>Tel: (202) 822-6760<br>roger@marzulla.com<br>nancie@marzulla.com<br>mollie@marzulla.com |
| September 17, 2025 | Attorneys for Green Oceans |