**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REVOLUTION WIND, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior; <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR; <br><br> MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management; <br><br> BUREAU OF OCEAN ENERGY MANAGEMENT; <br><br> KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and <br><br> BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT, <br><br>     *Defendants*, <br> and <br><br> GREEN OCEANS, <br><br>     *Defendant-Intervenor*. | Case No.: 1:25-cv-02999-RCL |

**[AMENDED PROPOSED] PRELIMINARY INJUNCTION**

Plaintiff Revolution Wind, LLC ("Revolution Wind") has filed a motion for stay pending review and a preliminary injunction.

Having considered all papers and evidence submitted in support of and in opposition to the Motion, the arguments of counsel and all other matters presented to the Court, and finding good cause appearing therefrom, the Court finds that Revolution Wind is entitled to a stay and preliminary injunction of the Bureau of Ocean Energy Management's August 22, 2025 Order issued to Revolution Wind "to halt all ongoing activities related to the Revolution Wind Project on the outer continental shelf (OCS)" and to "not resume activities until BOEM informs [Revolution Wind] that BOEM has completed its necessary review" (the "Order"). Furthermore, the Court finds that Revolution Wind is entitled to a preliminary injunction against the enforcement of the Order. Revolution Wind has demonstrated likelihood of success on the merits of its underlying claims, it is likely to suffer irreparable harm in the absence of an injunction, the balance of the equities is in its favor, and maintaining the status quo by granting the injunction is in the public interest.

Accordingly, it is hereby:

**ORDERED** that the Motion be, and hereby is, GRANTED in its entirety; it is further

**ORDERED** that the Order is stayed and enjoined pending conclusion of these proceedings and Defendants are enjoined from imposing the Order until such time as the Court orders otherwise; it is further

**ORDERED** that Defendants be enjoined from enforcing the Stop Work Order.

**IT IS SO ORDERED** on this \_\_\_\_ day of _____, 2025.

_____
Honorable Royce C. Lamberth
United States District Judge

## NAMES OF PERSONS TO BE SERVED
## WITH PROPOSED ORDER UPON ENTRY

In accordance with Local Civil Rule 7(k), below are the names and addresses of persons entitled to be notified of entry of the above proposed order:

Roger J. Marzulla, Bar No. 394907
Nancie G. Marzulla, Bar No. 400985
Mollie A. Jackowski, Bar No. 1780535
MARZULLA LAW, LLC
1150 Connecticut Ave., NW, Suite 1050
Washington, DC 20036
Tel: (202) 822-6760
Email: roger@marzulla.com
　　　　nancie@marzulla.com
　　　　mollie@marzulla.com

Kristopher R. Swanson (Colo. Bar No. 39378)
Amanda K. Rudat (Me. Bar No. 010329)
Natural Resources Section
Environment & Natural Resources Div.
U.S. DEPARTMENT OF JUSTICE
P.O. Box 7611
Washington, D.C. 2004-7611
Tel: (202) 598-1937
Email: kristofor.swanson@usdoj.gov
　　　　amanda.rudat@usdoj.gov

Jonathan D. Newman (D.C. Bar No. 449141)
Jacob J. Demree (D.C. Bar No. 90012042)
Blake Philips (D.C. Bar No. 90027926)
SHERMAN DUNN, P.C.
900 Seventh Street, N.W., Suite 1000
Washington, D.C. 20001
Tel: (202) 785-9300
Email: newman@shermandunn.com
　　　　demree@shermandunn.com
　　　　phillips@shermandunn.com