IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR;<br><br>MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management;<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT;<br><br>KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and<br><br>BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT,<br><br>    *Defendants*,<br><br>and<br><br>GREEN OCEANS,<br><br>    *Defendant-Intervenor*. | Case No.: 1:25-cv-02999-RCL<br><br><u>Hearing: September 22, 2025,</u><br><u>11:00 AM, Courtroom 15</u> |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY PENDING REVIEW AND STATEMENT OF POINTS AND AUTHORITIES**

    Pursuant to Local Civil Rule 65.1(c), Plaintiff Revolution Wind, LLC ("Revolution Wind") moves for leave to file three rebuttal declarations in support of its reply to address issues raised for

the first time in Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and Stay Pending Review, Dkt. 17, and supporting declaration and exhibits. *See* Dkt. 17-1 – 17-12. As explained herein, good cause exists to support granting this request, and Defendants will not suffer prejudice by submission of these rebuttal declarations. This motion is also timely, as it is submitted simultaneously with Revolution Wind's reply pursuant to this Court's order. *See* Minute Order (Sept. 16, 2025). Pursuant to local Rule 7(m), Revolution Wind conferred with counsel for Defendants and Defendant-Intervenor Green Oceans about Revolution Wind's intention to file this motion. Defendants' counsel stated that Defendants do not oppose this motion. Counsel for Green Oceans stated that Green Oceans cannot consent to the requested late filings. A proposed order is attached, pursuant to Local Civil Rule 7(c).

I.   **INTRODUCTION**

Revolution Wind's Motion for a Preliminary Injunction and Stay Pending Review, Dkt. 9 ("PI Motion"), argues that Defendants' Stop Work Order, Dkt. 1-1, violates the Administrative Procedure Act in part because the vague and conclusory "concerns" identified in the Stop Work Order are insufficient to support reasoned decision-making and contrary to the evidence before Defendants. Defendants responded by submitting the Declaration of Adam Suess, Dkt. 17-1, which Defendants argue this Court should consider as providing BOEM's "further explanation" of the Stop Work Order. Dkt. 17, at 19; *see also id*. at 20 ("As explained in the Declaration of Adam Suess, BOEM based the Order on its concern . . ." and citing to the Suess Declaration). But Mr. Suess's declaration raises several new factual claims as the purported justifications for the Stop Work Order that Revolution Wind could not possibly have been aware of at the time it filed its PI Motion. This is so for three reasons: (1) Mr. Suess's declaration makes new allegations against Revolution Wind that were not mentioned in the Stop Work Order; (2) these new allegations are factually incorrect or incomplete and controverted by Revolution Wind's

compliance with Project requirements; and (3) these new allegations are different from statements made in the press by various administration officials regarding why the Stop Work Order was issued, *see, e.g.*, Compl., Dkt. 1, ¶¶ 133-36.  Defendants' Opposition also makes several inaccurate characterizations of Revolution Wind's irreparable harm.  Accordingly, good cause exists to allow Revolution Wind to respond to the new justifications contained in Mr. Suess's Declaration and the characterizations of Revolution Wind's harm.  Additionally, Defendants will suffer no prejudice by the submission of these rebuttal declarations, as the declarations primarily recount interactions between Revolution Wind and the Federal government, which should be already available to Defendants, and respond to new characterizations of Revolution Wind's harms.

## II.     ARGUMENT

Supplemental affidavits to an application for a preliminary injunction "may be filed only with permission of the Court."  LCvR 65.1(c); *see also Elk Assocs. Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 26 (D.D.C. 2012).  This Court grants leave to file supplemental declarations where there is "good cause."  *All. for Retired Ams. v. Bessent*, No. 25-313, 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025); *see also WallBuilder Presentations v. Clarke*, No. 23-cv-3695, 2024 WL 2299581, at *14 n.9 (D.D.C. May 21, 2024) (granting leave to file supplemental declarations in support of preliminary injunction motion based on the need for a "robust factual record").

Here, there is good cause to grant Revolution Wind leave to file its supplemental declarations because Defendants in the Suess Declaration and their Opposition have introduced entirely new factual assertions—and legal arguments based upon them—for the very first time, which Revolution Wind has not yet had the opportunity to address.  Indeed, because these justifications for the Stop Work Order are entirely new, the *only* recourse Revolution Wind has to

respond to these claims is through its own supplemental declarations in order to provide the Court with a complete picture of the facts surrounding the purported "concerns" allegedly forming the basis for the Stop Work Order.  *See* Stop Work Order, Dkt. 1-1, at 1.  The Suess Declaration omits key and important pieces of information that are critical to the Court's evaluation of Revolution Wind's PI Motion.  Defendants cannot credibly claim they are prejudiced by Revolution Wind's response to claims or alleged justifications that should have been provided when the Stop Work Order was issued, particularly where here Revolution Wind is providing accounts of interactions with the Federal government of which Defendants should be aware.

The Rebuttal Declarations of Melanie Gearon ("Gearon Rebuttal Decl."), Paul Murphy ("Murphy Rebuttal Decl."), and Edward LeBlanc ("LeBlanc Rebuttal Decl.") directly respond to the allegations in the Suess Declaration and Defendant's Opposition, in many cases demonstrating that Mr. Suess's statements are incomplete or inaccurate.  To provide Revolution Wind an opportunity to respond and to provide factual information helpful for assessing Defendant's Opposition, *see WallBuilder Presentations*, 2024 WL 2299581, at *14 n.9, "good cause" exists to grant Revolution Wind leave to file these supplemental materials under LCvR 65.1(c).  *All. for Retired Ams.*, 2025 WL 1744617, at *1.  Several key examples of how the Gearon Rebuttal Declaration, Murphy Rebuttal Declaration, and LeBlanc Rebuttal Declaration respond to the new information and arguments Defendants have raised are described below.

*First*, the Suess Declaration newly asserts that, as of January 31, 2025, "Revolution Wind had not satisfied two National Security Conditions in Sections 4.3 and 4.4 [of its Conditions of Construction and Operations Plan Approval ("COP Conditions")] required by the Department of Navy" and that "given how long they have remained pending, the Department has concerns as to whether they will ever be met."  Suess Decl. ¶ 10.  The LeBlanc Rebuttal Declaration provides

4

crucial factual information and context in response to these statements, and explains Revolution Wind's compliance with these COP Conditions. LeBlanc Rebuttal Decl. ¶¶ 9-23.

*Second*, the Suess Declaration references a 2024 agreement that Revolution Wind entered into with the Department of Defense ("2024 DOD Agreement") and claims that "the Department of the Interior has not received any information that any of the[] national security concerns" addressed in a particular section of the 2024 DOD Agreement "have been addressed by Revolution Wind." Suess Decl. ¶ 8. The LeBlanc Rebuttal Declaration explains how these particular issues have been addressed in coordination with the Department of Defense and other relevant agencies. LeBlanc Rebuttal Decl. ¶¶ 24-31.

*Third*, the Suess Declaration newly asserts that "Revolution Wind still has not mitigated NOAA's concerns as to the impacts to NOAA's National Marine Fisheries Service (NMFS) surveys as required in Section 6.3 of the COP," expressing "concerns as to whether this requirement will ever be satisfied." Suess Decl. ¶ 10. The Gearon Rebuttal Declaration explains how Revolution Wind is in compliance with this COP Condition and has diligently worked with the agencies over the past two years regarding this topic, including in communications within this past month. Gearon Rebuttal Decl. ¶¶ 4-14.

*Fourth*, Mr. Suess also asserts that "NOAA officials have expressed to me that BOEM has not yet sufficiently addressed the project's impacts on Atlantic cod spawning areas and other sensitive habitats." Suess Decl. ¶ 11. The Gearon Rebuttal Declaration explains the extensive mitigation measures the Project has implemented relating to cod spawning and fish habitat. Gearon Rebuttal Decl. ¶¶ 15-18.

*Fifth*, Revolution Wind proposes to file a Rebuttal Declaration of Paul Murphy. This Declaration rebuts Defendants' new assertions that Revolution Wind's irreparable harm is

"speculative," Revolution Wind has not adequately quantified the level of harm, and Revolution Wind has not demonstrated likelihood of enterprise-threatening harm. Dkt. 17, at 29-36. The Murphy Rebuttal Declaration provides additional detail and documentation behind the statements in the uncontroverted first Declaration of Paul Murphy, Dkt. 9-6, and further demonstrates the Stop Work Order's enterprise-threatening harm to Revolution Wind. Murphy Rebuttal Decl. ¶¶ 4-13.

\*   \*   \*

In sum, the Gearon Rebuttal Declaration, Murphy Rebuttal Declaration, and LeBlanc Rebuttal Declaration respond only to the issues raised for the first time by the Suess Declaration and Defendants' Opposition. By addressing the new factual assertions in the Suess Declaration, these supplemental declarations seek only to assist the Court in having a full picture of the relevant facts in order to assess the pending PI Motion. *See WallBuilder Presentations*, 2024 WL 2299581, at \*14 n.9. For this reason, there exists good cause to grant Revolution Wind's motion to file supplemental declarations in support of its PI Motion for the Court's consideration. *See All. for Retired Ams.*, 2025 WL 1744617, at \*1.

## CONCLUSION

For the foregoing reasons and good cause, this Court should grant Revolution Wind's motion for leave to file supplemental declarations in response to the Suess Declaration, its exhibits, and Defendants' Opposition to Plaintiff's Motion for a Preliminary Injunction and Stay Pending Review.

Dated: September 18, 2025

Respectfully submitted,

By */s/ Janice M. Schneider*
Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Roman Martinez (D.C. Bar No. 1001100)
Devin. M. O'Connor (D.C. Bar No. 1015632)
Rachael L. Westmoreland (D.C. Bar No. 90034032)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
stacey.vanbelleghem@lw.com
roman.martinez@lw.com
devin.o'connor@lw.com
rachael.westmoreland@lw.com

*Counsel for Plaintiff Revolution Wind, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2025, I caused the foregoing Motion for Leave to File Supplemental Declarations, including all documents associated therewith, to be filed electronically through the Court's CM/ECF system, which will serve a Notice of Electronic Filing upon all counsel of record. Additionally, with prior consent, I electronically served a copy of these documents on Amanda Rudat and Kristofor Swanson, counsel for Defendants, and Roger Marzulla, counsel for Defendant-Intervenor, via email.

*/s/ Janice M Schneider*
Janice M. Schneider