IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>    *Plaintiff*,<br>  v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR;<br><br>MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management;<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT;<br><br>KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and<br><br>BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT,<br><br>    *Defendants,*<br><br>and<br><br>GREEN OCEANS,<br><br>    *Defendant-Intervenor.* | Case No.: 1:25-cv-02999-RCL |

**PLAINTIFF REVOLUTION WIND, LLC'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On December 22, 2025, Defendant Matthew Giacona, the Acting Director of the Bureau of Ocean Energy Management ("BOEM"), issued a Director's Order to Plaintiff Revolution Wind, LLC ("Revolution Wind") "suspend[ing] all ongoing activities related to the Revolution Wind Project on the Outer Continental Shelf for the next 90 days for reasons of national security" ("the Second Stop Work Order"). The Second Stop Work Order is unlawful, like BOEM's August 22, 2025 Director's Order to halt activities of the Revolution Wind Farm and Revolution Wind Export Cable (the "Project") on the Outer Continental Shelf ("the First Stop Work Order"), which was preliminarily enjoined by this Court on September 22, 2025. The Second Stop Work Order is a new BOEM action taken after Revolution Wind's original Complaint and accompanying Motion for a Preliminary Injunction and Stay Pending Review were filed in September 2025, and after this Court subsequently granted that motion. *See* Dkts. 1, 9, 36. Revolution Wind files this Motion for Leave to Supplement its Complaint for Declaratory and Injunctive Relief ("Motion") against the same Defendants named in its original Complaint to seek relief against the Second Stop Work Order, including a motion for preliminary injunction, in addition to the relief originally sought against the First Stop Work Order.[1]

Pursuant to Local Civil Rule 7(m), counsel for Revolution Wind contacted counsel for Defendants and Defendant-Intervenor to meet and confer regarding this Motion on December 30, 2025. Counsel for Defendants stated that they do not oppose to this Motion and do not believe the parties should wait for a ruling on the motion to supplement to proceed to preliminary injunction briefing. Counsel for Defendants represented that if Revolution Wind is willing to file its

---

[1] Those Defendants are Douglas J. Burgum, in his official capacity as Secretary of the Interior; the United States Department of the Interior ("Interior"); Matthew Giacona, in his official capacity as the Acting Director of BOEM; BOEM; Kenneth Stevens, in his official capacity as the Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement ("BSEE"); and BSEE.

1

preliminary injunction motion by January 1, 2026, Defendants would be willing to file a response no later than January 8, 2026. Revolution Wind was not able to obtain a position from counsel for Defendant-Intervenor on this Motion as of the time of this filing, despite sending a follow-up communication the following day.

## I.    BACKGROUND

On August 22, 2025, BOEM issued the First Stop Work Order attempting to halt the Project, to address purported "concerns related to the protection of national security interests." Dkt. 1-1 at 1. On September 4, 2025, Revolution Wind filed the original Complaint in this case challenging BOEM's First Stop Work Order as violating the Administrative Procedure Act ("APA"), the Outer Continental Shelf Lands Act ("OCSLA"), and the U.S. Constitution. Dkt. 1. Revolution Wind moved to stay the First Stop Work Order and preliminarily enjoin its enforcement. Dkt. 9. That Order was swiftly enjoined by this Court as the "height of arbitrary and capricious action." Tr. of Prelim. Inj. Hrg. 41:18-19 (Sept. 22, 2025), Dkt. 39; Order, Dkt. 36. On December 22, 2025, with no advance notice to Revolution Wind, BOEM issued the Second Stop Work Order, alleging "impacts to national security from offshore wind projects." Second Stop Work Order at 1, attached as Ex. B to the Proposed Supplemental Complaint.[2] Revolution Wind now seeks leave to file a supplemental complaint challenging BOEM's Second Stop Work Order as violating the APA, OCSLA, and the U.S. Constitution.

## II.    LEGAL STANDARD

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the

---

[2] The Second Stop Work Order (like the First Stop Work Order) is also available on BOEM's website at https://www.boem.gov/renewable-energy/state-activities/revolution-wind (last accessed January 1, 2026).

date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Supplemental pleadings differ from amended pleadings in that they discuss events that occurred after the original pleading, while amendments "typically rest on matters in place *prior* to the filing of the original pleading." *U.S. v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002) (emphasis in original).  The standard for granting a motion for leave to supplement a complaint is the same liberal standard as that for granting leave to amend.  *See, e.g.*, *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).  Motions for leave to supplement a complaint, like motions for leave to amend, should be granted "when justice so requires." *Van der Stelt v. Georgetown Univ.*, 774 F. Supp. 3d 90, 125 (D.D.C. 2025); *cf.* Fed. R. Civ. Proc. 15(a)(2).  More specifically, motions for supplemental pleading "are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. Cent. Intel. Agency*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Wright & Miller, Fed. Prac. & Proc. § 1504, at 184 (2d ed. 1990)).  "Supplemental pleadings may introduce new causes of action not alleged in the original complaint so long as their introduction does not create surprise or prejudice the rights of the adverse party." *Brown v. U.S. Citizenship & Immigr. Servs.*, No. 23-cv-3669-RCL, 2024 WL 4253121, at *4 (D.D.C. Sept. 20, 2024).  "Courts should generally grant leave to supplement unless there is a 'compelling reason' to deny the motion, such as 'undue delay, bad faith or dilatory motive . . . , [or] futility of amendment.'" *Van der Stelt*, 774 F. Supp. 3d at 125 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

**III.     ARGUMENT**

The Second Stop Work Order was issued without notice on December 22, 2025, well after Revolution Wind filed its original Complaint on September 4, 2025.  *See* Dkt. 1.  For the reasons provided below, Revolution Wind respectfully requests leave to file a supplemental pleading to

3

challenge the Second Stop Work Order, which is a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. Proc. 15(d).

### A. Granting Leave To Supplement Will Promote The Economic And Speedy Disposition Of The Entire Controversy Between The Parties

Revolution Wind is already litigating Defendants' prior attempt to halt the Project through the First Stop Work Order in this Court. Revolution Wind's supplemental pleading to challenge the Second Stop Work Order brings claims against the same Defendants, under the same statutes, and involving many of the same facts, including the same underlying agency approvals for the same Project. The Second Stop Work Order is closely related to the First Stop Work Order, and litigating both Stop Work Orders against Revolution Wind in the same proceeding will promote the efficient disposition of the entire controversy.

Granting leave to supplement will therefore "promote the economic and speedy disposition of the entire controversy between the parties." *Hall v. Cent. Intel. Agency*, 437 F.3d at 101. The Second Stop Work Order, like the First Stop Work Order, was issued without notice or a hearing, and is based on a general conclusory statement of impacts to national security from offshore wind projects. And the Second Stop Work Order—like the First Order—is patently unlawful and violates the APA, OCSLA, and the U.S. Constitution.

Here, "the economic and speedy disposition of the entire controversy between the parties" will be advanced by permitting a supplemental complaint. *Id.* Otherwise, Revolution Wind will be required to file a new action to bring its claims against the Second Stop Work Order. In that circumstance, Revolution Wind, Defendants, and the Court will all face the unnecessary burden and expense of managing two separate actions with closely related facts and claims. Leave to supplement the Complaint should be granted to promote the Court's efficient disposition of all of Revolution Wind's claims. *See, e.g.*, *The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C.

4

2007) ("The interests of judicial economy and convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit."). Moreover, neither "bad faith" nor "futility" exists here that could justify denying leave to supplement, *see Van der Stelt*, 774 F. Supp. 3d at 125 (quoting *Firestone*, 76 F.3d at 1208), because Revolution Wind brings justiciable claims to prevent an existential risk to the Project that are closely related to its claims against the First Stop Work Order. *See* Dkt. 39.

### B.     The Supplemental Complaint Will Not Cause Undue Delay

Granting Revolution Wind leave to supplement will produce no "undue delay" in disposition of the action. *Hall v. Cent. Intel. Agency*, 437 F.3d at 101 (quoting 6A Wright & Miller, Fed. Prac. & Prod. § 1504, at 186-87). Defendants have not yet answered Revolution Wind's original Complaint in this action, and recently moved to extend their deadline to do so until January 9, 2026. *See* Dkt. 40. Moreover, no schedule for briefing dispositive motions has yet been set. Thus, the case will not be delayed by supplementation of Revolution Wind's Complaint, particularly given the Court's power to order Defendants to "plead to the supplemental pleading within a specified time." Fed. R. Civ. Proc. 15(d). This Court can therefore initially consider Revolution Wind's supplemental pleading and accompanying motion for preliminary injunctive relief against the Second Stop Work Order, then address the ultimate merits of both the First and the Second Stop Work Orders in the same briefing without delay to resolution of the overall case.

Revolution Wind has not engaged in any "undue delay" that could serve as a "compelling reason" to deny leave to supplement. *Van der Stelt*, 774 F. Supp. 3d at 125 (citations omitted). Revolution Wind timely files this Motion for leave to supplement its complaint only 10 days after BOEM issued the Second Stop Work Order. *See, e.g.*, *The Fund for Animals*, 246 F.R.D. at 55-56 (granting motion to supplement complaint filed four years after original complaint, where

5

defendants had not yet filed the administrative record for anticipated renewed filing of summary judgment motions); *Van der Stelt*, 774 F. Supp 3d at 127 n.25 (finding that plaintiff seeking to supplement the complaint eight months after the alleged conduct did not constitute "undue delay").

### C. Defendants Face No Prejudice From Supplementation Of The Complaint

Defendants face no prejudice from supplementation of Revolution Wind's Complaint given the early stage of this litigation and have consented to this motion. Undue prejudice "is not mere harm to the non-movant," but "a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *The Fund for Animals*, 246 F.R.D. at 55 (citation and internal quotation marks omitted). The burden is on the defendants to demonstrate why leave should not be granted. *See, e.g.*, *Lannan Found. v. Gingold*, 300 F. Supp. 3d 1, 12 (D.D.C. 2017); *The Fund for Animals*, 246 F.R.D. at 55 (defendants had not demonstrated prejudice from supplemental complaint where their "claims [were] closely related to the claims already before the court"). Here, Defendants have yet to file an answer in this case, and the claims that Revolution Wind seeks to add in its supplemental complaint concern the same Project and similar actions by the same Defendants as in the original Complaint. Defendants will therefore suffer no prejudice from the proposed supplementation of Revolution Wind's Complaint. *See The Fund for Animals*, 246 F.R.D. at 55. Similarly, for the same reasons, Defendant-Intervenor will also not be prejudiced. To the contrary, if Revolution Wind were required to file a new complaint challenging the Second Stop Work Order instead, Defendant-Intervenor would not be a party to that action (absent seeking to intervene and resulting in the unnecessary expenditure of the Court's and the parties' resources).

### IV. CONCLUSION

For the foregoing reasons, Revolution Wind's Motion for leave to supplement its complaint should be granted.

Dated: January 1, 2026

Respectfully submitted,

By */s/  Janice M. Schneider*
Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Roman Martinez (D.C. Bar No. 1001100)
Devin. M. O'Connor (D.C. Bar No. 1015632)
Rachael L. Westmoreland (DC Bar No. 90034032)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel:  (202) 637-2200
Fax:  (202) 637-2201
Email: janice.schneider@lw.com
             stacey.vanbelleghem@lw.com
             roman.martinez@lw.com
             devin.o'connor@lw.com
             rachael.westmoreland@lw.com

*Counsel for Plaintiff*
*Revolution Wind, LLC*