# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR;<br><br>MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management;<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT;<br><br>KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and<br><br>BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT,<br><br>　　　　*Defendants*,<br><br>and<br><br>GREEN OCEANS,<br><br>　　　　*Defendant-Intervenor*. | Case No.: 1:25-cv-02999-RCL |

**PLAINTIFF REVOLUTION WIND, LLC'S MOTION TO EXPEDITE CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Revolution Wind, LLC ("Revolution Wind") respectfully requests that the Court expedite consideration of Revolution Wind's Motion for Leave to Supplement Complaint for Declaratory and Injunctive Relief, Dkt. 47 ("Motion for Leave to Supplement Complaint"), to rule on this motion no later than January 6, 2026.  The proposed Supplemental Complaint adds claims regarding a December 22, 2025 Director's Order issued by the Bureau of Ocean Energy Management ("BOEM") to Revolution Wind "suspend[ing] all ongoing activities related to the Revolution Wind Project on the Outer Continental Shelf for the next 90 days for reasons of national security" ("the Second Stop Work Order").  Good cause exists to grant this request so that—if this Court grants Revolution Wind's Motion for Leave to Supplement Complaint—briefing can proceed on Revolution Wind's attached motion for preliminary injunction, seeking relief from irreparable harm being caused by Defendants' new unlawful action, by January 12, 2026.

Pursuant to Local Civil Rule 7(m), counsel for Revolution Wind contacted counsel for Defendants and Defendant-Intervenor to meet and confer regarding this Motion on December 30, 2025.  Counsel for Defendants stated that they do not oppose Revolution Wind's request for expedited consideration of the motion to supplement the complaint.  Counsel for Defendants represented that if Revolution Wind is willing to file its preliminary injunction motion by January 1, 2026, Defendants would be willing to file a response no later than January 8, 2026.  Revolution Wind was not able to obtain a position from counsel for Defendant-Intervenor on this Motion as of the time of this filing, despite sending a follow-up communication the following day.

As described in more detail in Revolution Wind's Motion for Leave to Supplement Complaint, Dkt. 47, like BOEM's August 22, 2025 Director's Order to halt activities of the Revolution Wind Farm and Revolution Wind Export Cable (the "Project") on the Outer Continental Shelf ("the First Stop Work Order"), which was preliminarily enjoined by this Court

on September 22, 2025, the Second Stop Work Order is unlawful. Because the Second Stop Work Order is a new BOEM action taken after Revolution Wind's original Complaint and accompanying Motion for a Preliminary Injunction and Stay Pending Review were filed in September 2025, *see* Dkts. 1, 9, Revolution filed its Motion for Leave to Supplement Complaint pursuant to Federal Rule of Civil Procedure 15(d) to seek relief against the Second Stop Work Order, in addition to the relief originally sought against the First Stop Work Order.

Courts possess an "inherent power" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Dietz v. Bouldin*, 579 U.S. 40, 41 (2016) (citing *Landis*, 299 U.S. at 254). This Court regularly exercises this power to grant motions to expedite the consideration of certain motions before it or of proceedings as a whole. *See, e.g.*, *United States v. Sanford, Ltd.*, 860 F. Supp. 2d 1, 3 (D.D.C. 2012) (motion to expedite consideration granted for motion to depose witnesses who would soon become unavailable); *Giffords v. Fed. Election Comm'n*, No. 19-1192, 2021 WL 4805478, at *3 (D.D.C. Oct. 14, 2021) (motion to expedite consideration granted for cross-motions for summary judgment); *Merck & Co., Inc. v. U.S. Dep't of Health & Hum. Servs.*, 962 F.3d 531, 534 (D.C. Cir. 2020) (district court granted motion to expedite consideration of motion to stay agency regulation pending judicial review).

Good cause exists for this Court to exercise its authority to expedite consideration of Revolution Wind's Motion for Leave to Supplement Complaint. Counsel for Defendants have already stated that they do not oppose Revolution Wind's Motion for Leave to Supplement Complaint, *see* Dkt. 47, and represented that if Revolution Wind is willing to file its preliminary

injunction motion by January 1, 2026, Defendants would be willing to file a response no later than January 8, 2026. Revolution Wind has already filed its preliminary injunction motion lodged as an attachment to this motion (pending the Court's consideration of the Motion for Leave to Supplement Complaint). Expeditiously ruling on the Motion for Leave to Supplement Complaint would allow Revolution Wind the opportunity to have its preliminary injunction motion timely considered by this Court.

As described in further detail in the attached preliminary injunction motion, as a result of Defendants' unlawful action, Revolution Wind now once again faces enterprise-level threats to the Project. Defendants' unlawful action is already irreparably harming Revolution Wind, harm that will continue to compound in the absence of a preliminary injunction by January 12, 2026. If allowed to remain in force, the Order is estimated to cost Revolution Wind at least $1.44 million per day. And compounding costs of delay risk Project cancellation, which would cause Revolution Wind to suffer losses of more than $6 billion. For the Court to be able to consider Revolution Wind's preliminary injunction motion, the supplemental claims based on a new Second Stop Work Order must be before this Court in the operative complaint.

For these reasons, Revolution Wind respectfully requests that the Court rule on its Motion for Leave to Supplement Complaint on an expedited basis by January 6, 2026 to allow for consideration of Revolution Wind's preliminary injunction motion by January 12, 2026.

Dated: January 1, 2026 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By  */s/  Janice M. Schneider*
　　　　　　　　　　　　　　　　　　　　Janice M. Schneider (D.C. Bar No. 472037)
　　　　　　　　　　　　　　　　　　　　Stacey L. VanBelleghem (D.C. Bar No. 988144)
　　　　　　　　　　　　　　　　　　　　Roman Martinez (D.C. Bar No. 1001100)
　　　　　　　　　　　　　　　　　　　　Devin. M. O'Connor (D.C. Bar No. 1015632)
　　　　　　　　　　　　　　　　　　　　Rachael L. Westmoreland (DC Bar No. 90034032)
　　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　　555 11th Street NW, Suite 1000
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20004
　　　　　　　　　　　　　　　　　　　　Tel: (202) 637-2200
　　　　　　　　　　　　　　　　　　　　Fax: (202) 637-2201
　　　　　　　　　　　　　　　　　　　　Email: janice.schneider@lw.com
　　　　　　　　　　　　　　　　　　　　　　　stacey.vanbelleghem@lw.com
　　　　　　　　　　　　　　　　　　　　　　　roman.martinez@lw.com
　　　　　　　　　　　　　　　　　　　　　　　devin.o'connor@lw.com
　　　　　　　　　　　　　　　　　　　　　　　rachael.westmoreland@lw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　*Revolution Wind, LLC*

4