IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>  *Plaintiff*,<br><br>  v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR;<br><br>MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management;<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT;<br><br>KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and<br><br>BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT,<br><br>  *Defendants*,<br><br>and<br><br>GREEN OCEANS,<br><br>  *Defendant-Intervenor*. | Case No.: 1:25-cv-02999-RCL<br><br>Hearing: January 12, 2026, 2:00 PM, Courtroom 15 |

**PLAINTIFF REVOLUTION WIND, LLC'S MOTION FOR LEAVE TO FILE A REPLY AND SUPPLEMENTAL DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND STAY PENDING REVIEW**

  Pursuant to Local Civil Rule 65.1(c), Plaintiff Revolution Wind, LLC ("Revolution Wind") moves for leave to file a reply, attached as Exhibit A, and three rebuttal declarations, attached as

Exhibits B-D, in support of Plaintiff's pending Motion for a Preliminary Injunction and Stay Pending Review.  As explained herein, good cause exists to support granting this Motion, and neither Defendants nor Defendant-Intervenor will suffer prejudice by submission of Revolution Wind's reply and rebuttal declarations.  Pursuant to Local Civil Rule 7(m), on January 10, 2026, Revolution Wind contacted counsel for Defendants and Defendant-Intervenor Green Oceans to meet and confer about Revolution Wind's intention to file this Motion.  Defendants' counsel stated that they we were unable to discuss with their client in advance of this filing.  Revolution Wind was not able to obtain a position from counsel for Defendant-Intervenor on this Motion as of the time of this filing.  A proposed order is attached, pursuant to Local Civil Rule 7(c).

## I.     INTRODUCTION

Revolution Wind's Motion for a Preliminary Injunction and Stay Pending Review filed on January 2, 2026, Dkt. 50 ("Preliminary Injunction Motion"), argues that Defendants' Second Stop Work Order, Dkt. 52-2, violates the Administrative Procedure Act, the Outer Continental Shelf Lands Act, and the Fifth Amendment.  Defendants filed an Opposition and submitted two declarations concurrent with it.  *See* Dkt. 60; Declaration of Jacob Tyner ("Tyner Decl."), Dkt. 60-1; Declaration of Honorable Dale R. Marks ("Marks Decl."), Dkt. 60-2.  Defendants' declarations raise several new factual claims as purported justifications for the Second Stop Work Order that Revolution Wind could not have been aware of when it filed its Preliminary Injunction Motion.  Defendant-Intervenor filed an Opposition that also introduced new factual assertions and raised new legal arguments about why this Court should deny Revolution Wind's Preliminary Injunction Motion.  *See* Dkt. 58 at 2-6, 7-17.  Accordingly, good cause exists to allow Revolution Wind to respond to the new information and legal arguments raised by both Defendants and Defendant-Intervenor.  Because Revolution Wind's reply will address arguments raised by the Defendants and Defendant-Intervenor that were not addressed in Revolution Wind's original

2

Preliminary Injunction Motion, neither Defendants nor Defendant-Intervenor will suffer any prejudice by the submission of this reply. Nor will Defendants suffer prejudice by the submission of the rebuttal declarations, as the declarations primarily recount interactions between Revolution Wind and the federal government, which should be already available to Defendants, and describe Ørsted's experience working cooperatively with military and national security governmental agencies worldwide.

## II.     ARGUMENT

While Local Civil Rule 65.1 is silent as to whether a party applying for a preliminary injunction may file a reply, the rule specifies that supplemental affidavits to an application for a preliminary injunction "may be filed only with permission of the Court." LCvR 65.1(c); *see also Elk Assocs. Funding Corp. v. U.S. Small Bus. Admin.*, 858 F. Supp. 2d 1, 26 (D.D.C. 2012). This Court has interpreted Local Rule 65.1 as requiring a party applying for a preliminary injunction to obtain leave of the Court before filing a reply and corresponding supplemental affidavits. *See, e.g., Econ. Rsch. Servs., Inc. v. Resol. Econ., LLC*, 140 F. Supp. 3d 47, 49 n.2 (D.D.C. 2015). This Court grants leave to file supplemental declarations where there is "good cause." *All. for Retired Ams. v. Bessent*, No. 25-313, 2025 WL 1744617, at *1 (D.D.C. Feb. 11, 2025); *see also WallBuilder Presentations v. Clarke*, No. 23-cv-3695, 2024 WL 2299581, at *14 n.9 (D.D.C. May 21, 2024) (granting leave to file supplemental declarations in support of preliminary injunction motion based on the need for a "robust factual record").

Here, there is good cause to grant Revolution Wind leave to file its reply and supplemental declarations because the Defendants and Defendant-Intervenor have separately introduced factual information and legal arguments that Revolution Wind has not yet had the opportunity to address. Defendants' Opposition raises new legal arguments, many of which are based on new factual

3

assertions contained in Defendants' two new declarations.  *See* Dkt. 60.  And Defendant-Intervenor's Opposition provides new factual information, Dkt. 58 at 2-6, and makes a variety of new arguments against Revolution Wind's Preliminary Injunction Motion, *see id.* at 7-17.  Absent a reply brief from Revolution Wind, the new information and arguments raised by Defendants and Defendant-Intervenor will go unrebutted, and this Court will be deprived of fulsome briefing on the merits of Revolution Wind's request for a preliminary injunction.  Defendants and Defendant-Intervenor will suffer no prejudice by Revolution Wind responding to their claims and providing information helpful for assessing their Oppositions.

Revolution Wind also proposes to file Rebuttal Declarations of Bryan Stockton ("Stockton Rebuttal Decl."), Janice Schneider ("Schneider Rebuttal Decl."), and Edward LeBlanc ("LeBlanc Rebuttal Decl.") in support of Revolution Wind's Preliminary Injunction Motion, in response to the new information and arguments Defendants and Defendant-Intervenor raise in their respective Oppositions and Defendants' declarations.  The Stockton and Schneider Rebuttal Declarations provide additional detail and documentation of Plaintiff's repeated attempts to engage with the Department of the Interior, *see* Stockton Rebuttal Decl. ¶¶ 7-21; the Department of Energy, *see id.* ¶ 22; and the Department of Justice, *see* Schneider Rebuttal Decl. ¶ 2, in the weeks following the issuance of the Second Stop Work Order on December 22, 2025.  The LeBlanc Rebuttal Declaration describes Ørsted's extensive experience working with military and national security governmental agencies worldwide to identify mitigation and enhancement measures to meet the specific needs of these agencies.  *See* LeBlanc Rebuttal Decl. ¶¶ 1-4.  These declarations aim to provide the Court with a complete picture of the relevant facts to assess the pending Preliminary Injunction Motion.  *See WallBuilder Presentations*, 2024 WL 2299581, at *14 n.9.  Accordingly, there is good cause to grant Revolution Wind's motion to file a reply and supplemental declarations

in support of its Preliminary Injunction Motion. *See All. for Retired Ams.*, 2025 WL 1744617, at *1. Defendants cannot credibly claim they are prejudiced by these rebuttal declarations.

## CONCLUSION

For the foregoing reasons and good cause, this Court should grant Revolution Wind's motion for leave to file a reply and supplemental declarations in support of Plaintiff's Motion for a Preliminary Injunction and Stay Pending Review.

Dated: January 11, 2026

Respectfully submitted,

By */s/ Janice M. Schneider*
Janice M. Schneider (D.C. Bar No. 472037)
Stacey L. VanBelleghem (D.C. Bar No. 988144)
Roman Martinez (D.C. Bar No. 1001100)
Devin. M. O'Connor (D.C. Bar No. 1015632)
Rachael L. Westmoreland (D.C. Bar No. 90034032)
LATHAM & WATKINS LLP
555 11th Street NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: janice.schneider@lw.com
stacey.vanbelleghem@lw.com
roman.martinez@lw.com
devin.o'connor@lw.com
rachael.westmoreland@lw.com

*Counsel for Plaintiff Revolution Wind, LLC*