# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>  *Plaintiff*,<br><br> v.<br><br>DOUGLAS J. BURGUM, in his official capacity as Secretary of the U.S. Department of the Interior;<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR;<br><br>MATTHEW GIACONA, in his official capacity as Acting Director of the Bureau of Ocean Energy Management;<br><br>BUREAU OF OCEAN ENERGY MANAGEMENT;<br><br>KENNETH STEVENS, in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of the Bureau of Safety and Environmental Enforcement; and<br><br>BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT,<br><br>  *Defendants*,<br><br>and<br><br>GREEN OCEANS,<br><br>  *Defendant-Intervenor*. | Case No.: 1:25-cv-02999-RCL |

**REBUTTAL DECLARATION OF JANICE M. SCHNEIDER IN SUPPORT OF PLAINTIFF REVOLUTION WIND, LLC'S MOTION FOR A PRELIMINARY INJUNCTION AND STAY PENDING REVIEW**

1

Pursuant to 28 U.S.C. § 1746(2), I, Janice M. Schneider hereby declare as follows:

1. I am a partner at Latham & Watkins LLP and I represent Plaintiff Revolution Wind, LLC. I submit this Rebuttal Declaration in support of Plaintiff Revolution Wind, LLC's Motion for Preliminary Injunction and Stay Pending Review. I have personal knowledge, information, or belief of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit 1** is a true and correct email correspondence I had with the Defendants' counsel at the U.S. Department of Justice as part of our meet and confer obligations under Local Civil Rule 7(m). Specifically, I requested that the Government provide access to the classified information relied upon by BOEM in issuing the Order of December 22, 2025 ("Second Stop Work Order") to Revolution Wind to the company's technical experts with security clearances for discussions with the Government as provided for by BOEM in the Second Stop Work Order, as well as for qualified counsel in order to provide representation. I also requested separate unclassified summaries of the national security information that was the stated basis for BOEM's decision. I specifically asked whether the Government would provide this access and information before the preliminary injunction hearing on Monday, January 12, 2026. To date I have not received a response.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2026, at Washington, D.C.

By /s/ Janice M. Schneider
Janice M. Schneider (D.C. Bar No. 472037)
*Counsel for Plaintiff Revolution Wind, LLC*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Schneider, Janice (DC) |
| **To:** | "Rudat, Amanda (ENRD)" |
| **Cc:** | O"Connor, Devin (DC); Westmoreland, Rachael (DC); Martinez, Roman (DC); "Swanson, Kristofor (ENRD)"; "Torstensen, Peter (ENRD)"; "roger@marzulla.com"; "VanBelleghem, Stacey (DC)" |
| **Subject:** | RE: Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL |
| **Date:** | Wednesday, January 07, 2026 5:25:29 PM |

Hi Amanda,

We've taken a look at your cases and we do not believe that the Government can make a blanket assertion that civil litigation generally does not provide a "need to know". Rather, the Government must make a specific showing that based on the circumstances of the case and a balancing of all relevant interests, that there is not a sufficient "need to know" in this particular case, which the Government has not done. Both we and our client have repeatedly requested access to these materials for our technical experts with security clearances in our discussions with BOEM/Interior, as well as for qualified counsel in order to provide representation. While we understand that the Government intends to file an unclassified litigation declaration in support of its unlawful stop work order, that is no replacement for separate unclassified summaries of the national security information that was the stated basis for BOEM's decision. We once again reiterate these requests. Please let us know if the Government will provide this access and information before our preliminary injunction hearing on Monday, January 12, 2026.

Thanks very much - Best, Janice

---

**From:** Rudat, Amanda (ENRD) <Amanda.Rudat@usdoj.gov>
**Sent:** Friday, January 02, 2026 3:58 PM
**To:** Schneider, Janice (DC) <Janice.Schneider@lw.com>
**Cc:** O'Connor, Devin (DC) <Devin.O'Connor@lw.com>; Westmoreland, Rachael (DC) <Rachael.Westmoreland@lw.com>; Martinez, Roman (DC) <Roman.Martinez@lw.com>; Swanson, Kristofor (ENRD) <Kristofor.Swanson@usdoj.gov>; Torstensen, Peter (ENRD) <Peter.Torstensen@usdoj.gov>; roger@marzulla.com; VanBelleghem, Stacey (DC) <Stacey.VanBelleghem@lw.com>
**Subject:** RE: Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL

Hi Janice,

Even where an individual has the necessary security clearance, the agency that originates the information at issue must make a separate "need-to-know" determination that actually grants access to the classified information at issue. Executive Order 13,526 defines a "need to know" as "a determination within the executive branch . . . that a prospective recipient requires access to specific

classified information in order to perform or assist in a lawful and authorized governmental function." Exec. Order No. 13,526, § 6.1(dd), 75 Fed. Reg. at 729. Allowing access to classified information in order to prosecute a civil action challenging agency action does not serve a governmental function. Interior and the Department of War might determine in the course of discussing the suspension and exploring potential mitigation measures that classified information may be shared with appropriate representatives from Revolution Wind, but that process is separate from this litigation.

We intend to provide classified information *ex parte* to the court for *in camera* review, while also filing one or more unclassified declarations. DOJ does not intend to share that information with Revolution Wind or its counsel as part of this litigation, consistent with the federal government's long-standing position that civil litigation does not provide private entities or individuals the requisite "need to know" classified information. And courts routinely accept *ex parte* and *in camera* classified information that is part of the administrative record, and upon which the agency intends to rely to defend the challenged agency action. *See, e.g.*, *Abdellatif v. DHS*, No. 20-1298, Order (D.C. Cir. July 26, 2024); *China Telecom (Ams.) Corp. v. FCC*, No. 21-1233, Order (D.C. Cir. July 14, 2022); *United States v. China Telecom (Ams.) Corp.*, No. 21-5215, Order (D.C. Cir. Mar. 30, 2022); *Muir v. DHS*, No. 22-1318, Order (D.C. Cir. Dec. 7, 2023); *Kidd v. TSA*, No. 16-1337 (D.C. Cir. Apr. 25, 2018); *Competitive Enter. Inst. v. DHS*, Nos. 16-1135, 16-1139, Order (D.C. Cir. Nov. 9, 2016); *Olivares v. TSA*, 819 F.3d 454, 462 (D.C. Cir. 2016); *Zevallos v. Obama*, 793 F.3d 106, 113, 117 (D.C. Cir. 2015); *Jifry v. FAA*, 370 F.3d 1174, 1181-82 (D.C. Cir. 2004); *Corbett v. TSA*, No. 12-15893 (11th Cir. June 5, 2013) and 767 F.3d 1171, 1183-84 (11th Cir. 2014); *Tabbaa v. Chertoff*, 509 F.3d 89, 93 n.1 (2d Cir. 2007); *Holy Land Foundation v. Ashcroft*, 333 F.3d 156, 164 (D.C. Cir. 2003); *People's Mojahedin Org. of Iran v. Department of State*, 327 F.3d 1238, 1242 (D.C. Cir. 2003); *National Council of Resistance of Iran v. Department of State*, 251 F.3d 192, 208 (D.C. Cir. 2001).

Best,
Amanda

**Amanda Rudat**
Trial Attorney
Natural Resources Section
United States Department of Justice
202-532-3201 | amanda.rudat@usdoj.gov

---

**From:** Janice.Schneider@lw.com <Janice.Schneider@lw.com>
**Sent:** Friday, January 2, 2026 2:17 PM
**To:** Rudat, Amanda (ENRD) <Amanda.Rudat@usdoj.gov>
**Cc:** Devin.O'Connor@lw.com; Rachael.Westmoreland@lw.com; Roman.Martinez@lw.com; Swanson, Kristofor (ENRD) <Kristofor.Swanson@usdoj.gov>; Torstensen, Peter (ENRD) <Peter.Torstensen@usdoj.gov>; roger@marzulla.com; Stacey.VanBelleghem@lw.com
**Subject:** [EXTERNAL] RE: Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL

Hi Amanda,

Thank you for your agreement on the briefing schedule. We are surprised and confused that the government does not believe counsel has a "need to know" merely because we are civil litigants; and yet, has agreed to provide access to classified information to our technical experts. We are curious where the government is deriving this understanding of "need to know" that is mode-specific.

Since the government refuses to reinstate the clearance of and provide a read-in to an otherwise clear qualified counsel, are we to understand that, despite its reliance on national security concerns and classified material, the government will not be relying on this classified material to support its defense of the BOEM Order going forward (including in any in camera review by the Court)?

Thanks very much,

Best, Janice

---

**From:** Rudat, Amanda (ENRD) <Amanda.Rudat@usdoj.gov>
**Sent:** Wednesday, December 31, 2025 11:17 AM
**To:** VanBelleghem, Stacey (DC) <Stacey.VanBelleghem@lw.com>
**Cc:** Schneider, Janice (DC) <Janice.Schneider@lw.com>; O'Connor, Devin (DC) <Devin.O'Connor@lw.com>; Westmoreland, Rachael (DC) <Rachael.Westmoreland@lw.com>; Martinez, Roman (DC) <Roman.Martinez@lw.com>; Swanson, Kristofor (ENRD) <Kristofor.Swanson@usdoj.gov>; Torstensen, Peter (ENRD) <Peter.Torstensen@usdoj.gov>; roger@marzulla.com
**Subject:** RE: Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL

I should have also included that Federal Defendants do not oppose the motion for leave to file confidential commercial information under seal.

---

**From:** Rudat, Amanda (ENRD)
**Sent:** Wednesday, December 31, 2025 11:16 AM
**To:** 'Stacey.VanBelleghem@lw.com' <Stacey.VanBelleghem@lw.com>
**Cc:** Janice.Schneider@lw.com; Devin.O'Connor@lw.com; Rachael.Westmoreland@lw.com; Roman.Martinez@lw.com; Swanson, Kristofor (ENRD) <Kristofor.Swanson@usdoj.gov>; Torstensen, Peter (ENRD) <Peter.Torstensen@usdoj.gov>; roger@marzulla.com
**Subject:** RE: Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL

Hi Stacey,

Federal Defendants do not oppose Revolution Wind's proposed motion to supplement the complaint or the request for expedited consideration of that motion. Given Federal Defendants' consent to the motion to supplement, we don't believe the parties should wait for a ruling on the motion to supplement to proceed to PI briefing. If Revolution Wind is willing to file its PI motion by January 1, we're willing to file a response no later than January 8 even if the court has not yet ruled on the motion to supplement.

With respect to Rachael's security clearance, my understanding is that DOJ does not clear counsel. And in any event, individuals with the necessary clearance would still need to have a "need to know" in order to review classified information. The government's position is that civil litigation does not create the requisite "need to know."

Amanda

**From:** Stacey.VanBelleghem@lw.com <Stacey.VanBelleghem@lw.com>
**Sent:** Tuesday, December 30, 2025 3:21 PM
**To:** Rudat, Amanda (ENRD) <Amanda.Rudat@usdoj.gov>; Swanson, Kristofor (ENRD) <Kristofor.Swanson@usdoj.gov>; Torstensen, Peter (ENRD) <Peter.Torstensen@usdoj.gov>; roger@marzulla.com
**Cc:** Janice.Schneider@lw.com; Devin.O'Connor@lw.com; Rachael.Westmoreland@lw.com; Roman.Martinez@lw.com
**Subject:** [EXTERNAL] Meet and Confer Request, Revolution Wind, LLC v. Burgum, D.D.C. 1:25-cv-02999-RCL

Counsel,

On behalf of Revolution Wind, LLC, I am reaching out to meet and confer pursuant to Local Civil Rule 7(m) regarding your position on several motions that Revolution Wind is preparing in light of BOEM's December 22, 2025 Director's Order.  We seek your position **by 3pm tomorrow (Dec. 31)** and are available to speak by phone at your convenience.

- A motion for leave to supplement Revolution Wind's complaint under FRCP 15(d) to add claims regarding the December 22, 2025 Director's Order.
- A motion to expedite consideration of the motion for leave to supplement the complaint.
- An expedited motion to preliminarily enjoin the Order, given the imminent irreparable harm Revolution Wind is facing from the Order.
- An expedited motion for leave to file exhibits with confidential commercial information under seal.

Finally, Revolution Wind requests that DOJ reactivate Rachael Westmoreland's security clearance

and allow her to review the classified information referenced in the Director's Order under a protective order or alternatively give her a limited "read in" for the same purpose. Rachael is a former DOJ attorney with an active SF-86 and is within her two year period allowing for streamlined reactivation of her security clearance.

We believe that supplementing the existing pleading with claims challenging the later occurring transaction would be most efficient and would preserve judicial and party resources. However, if the parties' position on supplementing the complaint will delay consideration of the preliminary injunction motion, we alternatively would plan to file a separate complaint and indicate the cases are related, although we note as a technical matter that Green Oceans would not be a party to the case if we filed a new complaint. In that instance, we would still be seeking DOJ's position on the preliminary injunction motion, motion for leave to file exhibits under seal and the request regarding Rachael's security clearance.

Best,
Stacey

**Stacey L. VanBelleghem**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.637.2153
Email: stacey.vanbelleghem@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.