**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

REVOLUTION WIND, LLC,

     *Plaintiff*,

     v.

DOUGLAS J. BURGUM, in his official
capacity as Secretary of the U.S. Department
of the Interior;

UNITED STATES DEPARTMENT OF THE
INTERIOR;

MATTHEW GIACONA, in his official
capacity as Acting Director of the Bureau of
Ocean Energy Management;

BUREAU OF OCEAN ENERGY
MANAGEMENT;

KENNETH STEVENS, in his official
capacity as Principal Deputy Director
Exercising the Delegated Authorities of the
Director of the Bureau of Safety and
Environmental Enforcement; and

BUREAU OF SAFETY AND
ENVIRONMENTAL ENFORCEMENT,

     *Defendants*,
and

GREEN OCEANS,

     *Defendant-Intervenor*.

Case No.: 1:25-cv-02999-RCL

**[AMENDED PROPOSED] PRELIMINARY INJUNCTION**

     Plaintiff Revolution Wind, LLC ("Revolution Wind") has filed a motion for stay pending

review and a preliminary injunction.

Having considered all papers and evidence submitted in support of and in opposition to the Motion, the arguments of counsel and all other matters presented to the Court, and finding good cause appearing therefrom, the Court finds that Revolution Wind is entitled to a stay and preliminary injunction of the Bureau of Ocean Energy Management's December 22, 2025 Order issued to Revolution Wind "to suspend all ongoing activities related to the Revolution Wind Project on the Outer Continental Shelf for the next 90 days for reasons of national security" (the "Second Stop Work Order").  Furthermore, the Court finds that Revolution Wind is entitled to a preliminary injunction against the enforcement of the Second Stop Work Order.  Revolution Wind has demonstrated likelihood of success on the merits of its underlying claims, it is likely to suffer irreparable harm in the absence of an injunction, the balance of the equities is in its favor, and maintaining the status quo by granting the injunction is in the public interest.

Accordingly, it is hereby:

**ORDERED** that the Motion be, and hereby is, GRANTED in its entirety; it is further

**ORDERED** that the Second Stop Work Order is stayed and enjoined pending conclusion of these proceedings and Defendants are enjoined from imposing the Second Stop Work Order until such time as the Court orders otherwise; it is further

**ORDERED** that Defendants be enjoined from enforcing the Second Stop Work Order; it is further

**ORDERED** that Defendants shall: (1) request that the Department of War process pending requests for representatives for Plaintiff who have appropriate security clearances to review the classified information that Defendants refer to in the Second Stop Work Order; and (2) request that the Department of War provide unclassified summaries of the key decisional documents to the Plaintiff; it is further

**ORDERED** that Defendants shall provide the Court with an update on the Department of

War's response to those requests within forty-eight (48) hours of this Order.


**IT IS SO ORDERED** on this _____ day of _____, 2026.


                                        _____

                                        Honorable Royce C. Lamberth
                                        United States District Judge