**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REVOLUTION WIND, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. Nos. 1:25-cv-04328-RCL; |
| DOUGLAS BURGUM *et al*., | ) 1:25-cv-02999-RCL (Consolidated) |
| | ) |
| Defendants, | ) Hon. Royce C. Lamberth |
| | ) |
| *and* | ) |
| | ) |
| GREEN OCEANS, | ) |
| | ) |
| Defendant-Intervenor. | ) |
| | ) |
| STATE OF RHODE ISLAND *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| THE INTERIOR *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**Defendant-Intervenor's Answer to Plaintiff's, Revolution Wind, LLC,**
**Supplemental Complaint for Declaratory and Injunctive Relief**

Defendant-Intervenor, Green Oceans ("Green Oceans"), answers Plaintiff's, Revolution

Wind, LLC, Supplemental Complaint for Declaratory and Injunctive Relief,[1] as follows:

---

[1] Revolution Wind, LLC's Suppl. Compl., ECF No. 52 (Jan. 1, 2026).

1

**General Denial**

Green Oceans denies every allegation in Revolution Wind's complaint not expressly admitted in this Answer.

**Preliminary Statement**

1.      Paragraph 1 contains Revolution Wind's characterization of this lawsuit, which requires no response.

2.      Green Oceans admits that this Court preliminarily enjoined the First Stop Work Order on September 22, 2025 and that no appeal was taken by the Federal Defendants; Green Oceans denies the remaining allegations in Paragraph 2.

3.      Green Oceans admits that the Second Stop Work Order states it suspends ongoing activities for 90 days and contemplates extensions; Green Oceans denies any characterization inconsistent with the Order's text and denies the remaining allegations in Paragraph 3.

4.      Green Oceans admits that the Revolution Wind Farm and Revolution Wind Export Cable (the "Project") is an offshore wind project located on the Outer Continental Shelf. Green Oceans denies the allegations that the Project is slated to deliver "substantial additional energy necessary to support reliability and expected economic growth," and denies any remaining allegations in Paragraph 4.

5.      Green Oceans admits that a review process preceded publication of the Record of Decision and that the Record of Decision was issued approximately two years ago. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and denies them on that basis. To the extent Paragraph 5 states legal conclusions, no response is required; to the extent a response is required, the allegations are denied.

6.     Green Oceans admits that the federal government conducted a multi-year review process in connection with the Project lease and approvals. Green Oceans denies that the review process was as characterized and denies the remaining allegations in Paragraph 6.

7.     Green Oceans admits the allegations in Paragraph 7.

8.     Green Oceans admits that offshore construction of the Project began in January 2024. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and denies them on that basis.

9.     Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the specific percentages and installation counts alleged and therefore denies the allegations in Paragraph 9.

10.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the completion percentage alleged and therefore denies the allegations in Paragraph 10.

11.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, including assertions regarding grid reliability, employment, and projected benefits, and denies them on that basis.

12.    Paragraph 12 quotes and characterizes a Presidential Memorandum and related agency actions. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 12 that is inconsistent with the plain language of those authorities.

13.    Paragraph 13 purports to characterize an executive order. The referenced document speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 13.

14.     Green Oceans admits only that on August 22, 2025 BOEM's Acting Director issued the First Stop Work Order and that it referenced national security concerns; Green Oceans denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 16.

17.     Paragraph 17 states legal conclusions and characterizations to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 17.

18.     Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and denies them on that basis. To the extent Paragraph 18 asserts legal conclusions, those allegations are denied.

19.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged costs and harms and denies the allegations in Paragraph 19 on that basis.

20.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's contractual obligations and impacts and denies the allegations in Paragraph 20 on that basis.

21.     Green Oceans denies the allegations in Paragraph 21.

22.     Green Oceans admits only that on December 22, 2025 BOEM issued the Second Stop Work Order directing suspension of ongoing activities for 90 days for reasons of national security; Green Oceans denies the remaining allegations and characterizations in Paragraph 22.

23.     Green Oceans denies the allegations in Paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 24.

25.     Paragraph 25 states legal conclusions and characterizations to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 25.

26.     Paragraph 26 states legal conclusions to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 26.

27.     Paragraph 27 states legal conclusions to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 27.

28.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged daily and aggregate losses and denies the allegations in Paragraph 28 on that basis.

29.     Green Oceans denies the allegations in Paragraph 29.

30.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's contracting and vessel arrangements and denies the allegations in Paragraph 30 on that basis.

31.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's installation, vessel availability, and PPA deadlines and denies the allegations in Paragraph 31 on that basis.

32.     Green Oceans lacks knowledge or information sufficient to form a belief as to Plaintiff's expenditures and potential breakaway costs and denies the allegations in Paragraph 32 on that basis.

33.     Paragraph 33 states legal conclusions and requests for relief to which no response is required; to the extent a response is required, Green Oceans denies that Plaintiff is entitled to the relief requested in Paragraph 33.

34.     Paragraph 34 states legal conclusions and requests for relief to which no response is required; to the extent a response is required, Green Oceans denies that Plaintiff is entitled to the relief requested in Paragraph 34.

## Parties

35.     Green Oceans admits only that Plaintiff alleges it is engaged in constructing an approximately 704-MW offshore wind farm on the Outer Continental Shelf; Green Oceans lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 35 and therefore denies them. To the extent Paragraph 35 states legal conclusions, no response is required; to the extent a response is required, the allegations are denied.

36.     Green Oceans admits the allegations in Paragraph 36.

37.     Green Oceans admits that Douglas J. Burgum is identified in the Supplemental Complaint as the Secretary of the Interior and is sued in his official capacity. The remaining allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, Green Oceans denies the allegations.

38.     Green Oceans admits only that Matthew Giacona is alleged to be the Acting Director of BOEM and Kenneth Stevens is alleged to be the Principal Deputy Director of BSEE, and that BOEM approved the Project's COP and issued the referenced Orders; Green Oceans denies any remaining allegations in Paragraph 38.

**Jurisdiction, Venue, Exhaustion, and Final Agency Action**

39.    Paragraph 39 states legal conclusions regarding jurisdiction to which no response is required; to the extent a response is required, Green Oceans does not contest subject-matter jurisdiction and denies any remaining allegations inconsistent with governing law.

40.    Paragraph 40 states legal conclusions regarding the Declaratory Judgment Act and related statutes to which no response is required; to the extent a response is required, Green Oceans denies that Plaintiff is entitled to any declaratory or injunctive relief.

41.    Paragraph 41 states legal conclusions regarding venue to which no response is required; to the extent a response is required, Green Oceans does not contest venue and denies any remaining allegations inconsistent with governing law.

42.    Paragraph 42 states legal conclusions regarding final agency action to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 42.

43.    Paragraph 43 states legal conclusions regarding exhaustion to which no response is required; to the extent a response is required, Green Oceans denies the allegations in Paragraph 43.

**Background**

44.    Paragraph 44 quotes and characterizes the Outer Continental Shelf Lands Act ("OCSLA"). The statute speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 44.

45.    Paragraph 45 quotes and characterizes amendments to OCSLA and related statutory provisions. The statute and referenced public laws speak for themselves and are the best

evidence of their contents. Green Oceans denies any allegation in Paragraph 45 that is inconsistent with the plain language of the cited authorities.

46.    Paragraph 46 quotes and characterizes legislative history. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 46 that is inconsistent with the plain language of the cited authorities.

47.    Green Oceans admits only that the United States has issued approximately 39 commercial leases for wind development and has approved 11 projects. Green Oceans denies the remaining allegations in Paragraph 47.

48.    Paragraph 48 cites and characterizes statutory standards. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 48 that is inconsistent with the statute's plain language.

49.    Green Oceans admits only that BOEM is generally responsible for offshore renewable energy development in federal waters; Green Oceans denies any remaining allegations in Paragraph 49.

50.    Paragraph 50 quotes and characterizes BOEM regulations. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 50 that is inconsistent with the plain language of the cited regulations.

51.    Paragraph 51 cites and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 51 that is inconsistent with the plain language of the regulations cited.

52.    Paragraph 52 quotes and characterizes regulatory provisions and describes agency process. The cited regulations speak for themselves and are the best evidence of their contents.

Green Oceans denies any allegation in Paragraph 52 that is inconsistent with the plain language of the regulations cited.

53.    Paragraph 53 cites and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 53 that is inconsistent with the plain language of the regulations cited.

54.    Paragraph 54 cites and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 54 that is inconsistent with the plain language of the regulations cited.

55.    Green Oceans admits only that federal reviews can take years and require significant preparation and documentation, and that Plaintiff expended funds in connection with permitting. Green Oceans denies the allegation in Paragraph 55 that the Project expended "over a hundred million dollars" except as may be specifically established by admissible evidence, and denies any remaining allegations, characterizations, or implications.

56.    Green Oceans denies the allegations in Paragraph 56 except to admit that BSEE has roles concerning safety and environmental regulations for offshore wind; the cited authorities and any formal statements speak for themselves, and Green Oceans denies any characterization inconsistent therewith.

57.    Paragraph 57 cites and characterizes regulatory provisions and agency procedures. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 57 that is inconsistent with the plain language of the regulations cited.

58.     Paragraph 58 quotes and characterizes statutory provisions. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 58 that is inconsistent with the statute's plain language.

59.     Paragraph 59 quotes and characterizes statutory and regulatory provisions. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 59 that is inconsistent with the plain language of the cited authorities.

60.     Paragraph 60 asserts legal conclusions regarding statutory and regulatory scope to which no response is required. To the extent a response is deemed required, Green Oceans denies the allegations.

61.     Paragraph 61 quotes and characterizes statutory provisions. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 61 that is inconsistent with the statute's plain language.

62.     Paragraph 62 quotes statutory text and adds factual allegations. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 62 that is inconsistent with the statute's plain language, and denies the remaining factual allegations for lack of sufficient information.

63.     Paragraph 63 quotes and characterizes lease provisions. The cited lease documents speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 63 that is inconsistent with the lease language.

64.     Paragraph 64 quotes statutory provisions. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 64 that is inconsistent with the statute's plain language.

65.    Paragraph 65 quotes lease provisions and adds allegations and legal conclusions. The cited lease documents speak for themselves and are the best evidence of their contents. Green Oceans denies the remaining allegations and conclusions.

66.    Paragraph 66 quotes and characterizes a regulation and asserts conclusions about BOEM's process. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies the remaining allegations and conclusions.

67.    Paragraph 67 asserts legal conclusions regarding the scope of statutory and regulatory authority to which no response is required. To the extent a response is deemed required, Green Oceans denies the allegations.

68.    Paragraph 68 quotes and characterizes a regulation. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 68 that is inconsistent with the regulation's plain language.

69.    Paragraph 69 characterizes a regulation. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 69 that is inconsistent with the regulation's plain language.

70.    Paragraph 70 quotes regulatory provisions. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 70 that is inconsistent with the regulation's plain language.

71.    Paragraph 71 quotes and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 71 that is inconsistent with the plain language of the regulations cited.

72.     Paragraph 72 quotes and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 72 that is inconsistent with the plain language of the regulations cited.

73.     Paragraph 73 quotes and characterizes BOEM regulations. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 73 that is inconsistent with the plain language of the regulations cited.

74.     Paragraph 74 quotes and characterizes BSEE regulations. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 74 that is inconsistent with the plain language of the regulations cited.

75.     Green Oceans admits only that the First Stop Work Order does not use the term "suspension" nor otherwise states that the lease has been extended. The Order speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 75 that is inconsistent with the plain language of the regulations cited.

76.     Green Oceans admits only that the Second Stop Work Order cites 30 C.F.R. § 585.417 and states it suspends ongoing activities for 90 days for reasons described therein; the document speaks for itself and is the best evidence of its contents. Green Oceans denies the remaining allegations and characterizations in Paragraph 76, including that the Order does not explain why a suspension is necessary or that it fails to address lease effects.

77.     Green Oceans denies the allegations in Paragraph 77, including that reviews "uniformly concluded" the Project is environmentally sound, safe, and consistent with federal law, and otherwise denies the remaining allegations.

78.    Green Oceans admits only that BOEM conducted early processes related to lease area identification and task force meetings on the dates referenced to the extent reflected in official records, which speak for themselves. Green Oceans denies any remaining allegations and characterizations in Paragraph 78.

79.    Green Oceans admits only that BOEM conducted a lease auction following environmental review and that DOD/Navy participated in relevant interagency processes as reflected in official records, which speak for themselves. Green Oceans denies any remaining allegations and characterizations in Paragraph 79.

80.    Green Oceans admits only that BOEM issued an environmental assessment in May 2013 containing the stated conclusion; the document speaks for itself. Green Oceans denies any remaining allegations in Paragraph 80.

81.    Green Oceans admits only that BOEM conducted a lease sale offshore Massachusetts in 2015 following environmental review concluding "no significant impact," as reflected in the final review; the document speaks for itself. Green Oceans denies any remaining allegations in Paragraph 81.

82.    Green Oceans admits the allegations in Paragraph 82.

83.    Green Oceans admits only that a Site Assessment Plan was submitted and approved in or about October 2017 and that the cited regulation contains the quoted standards; the documents and regulation speak for themselves. Green Oceans denies any remaining allegations and characterizations in Paragraph 83.

84.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the specific survey activities and durations alleged in Paragraph 84 and therefore denies the allegations.

85.    Green Oceans admits only that a Construction and Operations Plan was submitted in or about March 2020 and updated thereafter; the cited documents speak for themselves. Green Oceans denies any remaining allegations in Paragraph 85.

86.    Paragraph 86 cites and characterizes a regulation and asserts conclusions. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies the remaining allegations and characterizations in Paragraph 86.

87.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 regarding Navy communications and document length and therefore denies the allegations.

88.    Green Oceans admits only that BOEM's Record of Decision ("ROD") contains statements regarding Department of Defense ("DOD") coordination and mitigation conditions; the ROD speaks for itself and is the best evidence of its contents. Green Oceans denies any remaining allegations or characterizations in Paragraph 88.

89.    Green Oceans admits only that Appendix R to the Project's Construction and Operations Plan includes a Navigation Safety Risk Assessment dated October 1, 2020; the referenced Assessment speaks for itself and is the best evidence of its contents. Green Oceans denies any remaining allegations and characterizations in Paragraph 89.

90.    Green Oceans admits only that BOEM issued a Notice of Intent in 2021 and undertook environmental review with cooperating agencies and stakeholders; the referenced notices and documents speak for themselves. Green Oceans denies any remaining allegations in Paragraph 90.

91.     Green Oceans admits only that BOEM published a Draft EIS in 2022, held public meetings, and published a Final EIS on July 21, 2023; the documents speak for themselves. Green Oceans denies any remaining allegations in Paragraph 91.

92.     Green Oceans admits only that BOEM conducted Section 106 consultation concluding in a Memorandum of Agreement dated August 18, 2023; the MOA speaks for itself. Green Oceans denies any remaining allegations in Paragraph 92.

93.     Green Oceans admits only that BOEM conducted essential fish habitat consultation and that NOAA Fisheries deemed the Essential Fish Habitat Assessment complete on or about March 23, 2023; the cited records speak for themselves. Green Oceans denies any remaining allegations or characterizations in Paragraph 93.

94.     Green Oceans admits only that BOEM's Conditions of COP Approval include measures related to commercial fisheries, including a fisheries gear loss compensation program; the conditions speak for themselves. Green Oceans denies the remaining allegations in Paragraph 94, including the amounts and characterizations of compensation.

95.     Green Oceans admits only that BOEM published notice of a Record of Decision on or about August 24, 2023, to approve the COP with modifications; the ROD speaks for itself. Green Oceans denies any remaining allegations in Paragraph 95.

96.     Paragraph 96 quotes BOEM's ROD determinations and references statutes and regulations. The ROD and cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 96 that is inconsistent with the cited materials.

97.     Green Oceans admits only that BOEM sent a COP approval letter on or about November 17, 2023, and that Interior stated its decision was consistent with subsection 8(p)(4) of

OCSLA; the letter speaks for itself. Green Oceans denies any remaining allegations in Paragraph 97.

98.    Green Oceans admits only that BOEM sent Conditions of Approval on or about November 17, 2023, containing mitigation measures related to navigation, aviation, national security, and fisheries; the conditions speak for themselves. Green Oceans denies any remaining allegations in Paragraph 98.

99.    Paragraph 99 quotes BOEM's ROD and characterizes DOD conclusions. The ROD and any DOD communications speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 99 that is inconsistent with those materials.

100.    Paragraph 100 references BOEM coordination with DOD and mitigation strategies; the cited letters, Clearinghouse materials, and ROD speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 100 that is inconsistent with those materials.

101.    Paragraph 101 describes an agreement between Revolution Wind and the DOD and quotes from that agreement and related correspondence. The referenced agreement and letters speak for themselves and are the best evidence of their contents. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 and denies them on that basis.

102.    Paragraph 102 characterizes provisions of the Project's Conditions of Approval and related mitigation measures. The referenced Conditions of Approval speak for themselves and are the best evidence of their contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 102.

103.    Green Oceans admits only that the lease referenced contains provisions addressing potential national security and defense-related suspensions and otherwise states that the document speaks for itself; all remaining allegations in Paragraph 103, including any characterization inconsistent with the lease language, are denied.

104.    Green Oceans admits only that the lease appendix referenced includes provisions addressing national security and military operations, including notice and duration concepts, and otherwise states that the document speaks for itself; all remaining allegations in Paragraph 104 are denied.

105.    Paragraph 105 quotes and characterizes determinations made by the Federal Aviation Administration and references an aeronautical study conducted under 49 U.S.C. § 44718 and 14 C.F.R. Part 77. The referenced FAA determinations and related documents speak for themselves and are the best evidence of their contents. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 and denies them on that basis.

106.    Paragraph 106 describes a mitigation agreement between Revolution Wind and the U.S. Integrated Ocean Observing System and contains characterizations regarding mitigation of potential interference and data-sharing obligations. The referenced agreement speaks for itself and is the best evidence of its contents. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 and denies them on that basis.

107.    Green Oceans admits only that NOAA Fisheries promulgated incidental take regulations and issued a Letter of Authorization to Revolution Wind in 2024 as described in the cited references, and that such documents impose mitigation, monitoring, and reporting

requirements; the documents speak for themselves. All remaining allegations in Paragraph 107 are denied.

108.    Green Oceans admits only that the Letter of Authorization referenced includes mitigation, monitoring, and reporting requirements pertaining to marine mammals, and otherwise states the document speaks for itself; all remaining allegations in Paragraph 108 are denied.

109.    Paragraph 109 contains characterizations regarding alleged scientific consensus concerning marine mammal mortalities and offshore wind activity and cites various publications and statements. The referenced publications and statements speak for themselves. Green Oceans denies the allegations in Paragraph 109.

110.    Green Oceans admits only that NOAA Fisheries issued a Biological Opinion dated July 21, 2023, and that BOEM and other agencies participated in ESA Section 7 consultation; the Biological Opinion and administrative documents speak for themselves. All remaining allegations in Paragraph 110 are denied.

111.    Green Oceans admits only that NMFS-GARFO reinitiated consultation and issued a superseding Biological Opinion on April 30, 2024; the document speaks for itself. All remaining allegations in Paragraph 111 are denied.

112.    Green Oceans admits only that the 2024 Biological Opinion contains analyses and conclusions regarding serious injury or mortality expectations from project noise sources; the document speaks for itself. All remaining allegations in Paragraph 112 are denied.

113.    Green Oceans admits only that the 2024 Biological Opinion contains an incidental take statement with reasonable and prudent measures and terms and conditions; the document speaks for itself. All remaining allegations in Paragraph 113 are denied.

114.    Green Oceans admits only that the U.S. Fish and Wildlife Service issued a Biological Opinion on May 30, 2023, with an incidental take statement concerning listed bird species; the document speaks for itself. All remaining allegations in Paragraph 114 are denied.

115.    Green Oceans admits only that Revolution Wind filed an application with USACE on June 3, 2022; that USACE issued a public notice on September 2, 2022; and that USACE issued a Section 404 permit under the Clean Water Act and a Section 10 permit under the Rivers and Harbors Act on October 2, 2023. All remaining allegations in Paragraph 115 are denied.

116.    Green Oceans admits only that EPA issued an Outer Continental Shelf air permit on September 28, 2023, with conditions; the permit speaks for itself. All remaining allegations in Paragraph 116 are denied.

117.    Paragraph 117 cites and characterizes judicial decisions; the authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegations in Paragraph 117 inconsistent with those decisions.

118.    Green Oceans admits only that Rhode Island and Massachusetts issued CZMA consistency concurrences in May 2023 that referenced fisheries-related compensation programs; the agency determinations speak for themselves. All remaining allegations in Paragraph 118 are denied.

119.    Paragraph 119 contains characterizations regarding the Project's receipt of state siting approvals and other state and local permits and approvals. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 and denies them on that basis.

120.    Paragraph 120 contains characterizations of the administrative record and agency decision-making; to the extent a response is required, the allegations in Paragraph 120 are denied.

121.    Green Oceans admits only that BOEM compiled and served administrative records in the identified cases and that Revolution Wind is an intervenor-defendant in those cases; the filed administrative records speak for themselves and are the best evidence of their contents. All remaining allegations in Paragraph 121 are denied.

122.    Green Oceans admits only that Federal Defendants filed papers in the Green Oceans litigation defending federal approvals; the filings speak for themselves. Green Oceans denies any allegations in Paragraph 122 that are inconsistent with the filings.

123.    Paragraph 123 quotes and characterizes filings; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 123 that are inconsistent with the filings.

124.    Paragraph 124 quotes and characterizes filings; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 124 that are inconsistent with the filings.

125.    Paragraph 125 quotes and characterizes filings; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 125 that are inconsistent with the filings.

126.    Paragraph 126 quotes and characterizes filings; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 126 that are inconsistent with the filings.

127.    Paragraph 127 quotes and characterizes pleadings; no response is required to legal conclusions. To the extent a response is required, Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and denies them on that basis.

128.    Paragraph 128 quotes and characterizes pleadings; no response is required. To the extent a response is required, the allegations in Paragraph 128 are denied.

129.    Paragraph 129 quotes and characterizes pleadings; no response is required. To the extent a response is required, the allegations in Paragraph 129 are denied.

130.    Paragraph 130 characterizes litigation positions; the filings speak for themselves. Green Oceans denies any allegations in Paragraph 130 that are inconsistent with the filings.

131.    Paragraph 131 characterizes briefing; the filings speak for themselves. Green Oceans denies any allegations in Paragraph 131 that are inconsistent with the filings.

132.    Green Oceans admits that Revolution Wind began onshore construction activities in 2023. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and denies them on that basis.

133.    Green Oceans admits that onshore construction activities have included installation of transmission infrastructure and development of substation facilities. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133 and denies them on that basis.

134.    Paragraph 134 contains factual assertions regarding offshore construction support activities and the alleged effect of the Stop Work Orders. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and denies them on that basis.

135.    Paragraph 135 contains factual assertions regarding offshore construction activities, installation timelines, and completion milestones. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and denies them on that basis.

136.    Paragraph 136 contains factual assertions regarding installation status and projected completion schedules. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and denies them on that basis.

137.    Paragraph 137 contains factual assertions regarding cable installation and construction sequencing. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and denies them on that basis.

138.    Paragraph 138 contains factual assertions regarding offshore substations and construction scheduling. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and denies them on that basis.

139.    Paragraph 139 references this Court's order staying and enjoining enforcement of the First Stop Work Order. The Court's order speaks for itself and is the best evidence of its contents. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 and denies them on that basis.

140.    Paragraph 140 contains factual assertions regarding construction status at the time of the Second Stop Work Order. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and denies them on that basis.

141.    Paragraph 141 contains factual assertions regarding work allegedly halted pursuant to the First Stop Work Order. The referenced Order speaks for itself. Green Oceans

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and denies them on that basis.

142.    Paragraph 142 contains factual assertions regarding work allegedly halted pursuant to the Second Stop Work Order. The referenced Order speaks for itself. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and denies them on that basis.

143.    Paragraph 143 contains characterizations of statements by third parties and legal argument; no response is required. To the extent a response is required, the allegations in Paragraph 143 are denied.

144.    Paragraph 144 contains characterizations of executive branch actions and media accounts; no response is required. To the extent a response is required, the allegations in Paragraph 144 are denied.

145.    Paragraph 145 contains characterizations of public statements made by the President of the United States; no response is required. To the extent a response is required, the allegations in Paragraph 145 are denied.

146.    Paragraph 146 contains characterizations of public statements made by administration officials regarding alleged hostility or bias toward offshore wind; no response is required. To the extent a response is required, the allegations in Paragraph 146 are denied.

147.    Green Oceans admits that the President issued a Memorandum on January 20, 2025 entitled "Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects." The referenced Memorandum speaks for itself and is the best evidence of its

contents. Green Oceans denies any allegations in Paragraph 147 that are inconsistent with the document.

148.    Paragraph 148 quotes and characterizes OCSLA and the Presidential Memorandum; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 148 that are inconsistent with their text.

149.    Paragraph 149 quotes and characterizes the Presidential Memorandum; the document speaks for itself. Green Oceans denies any allegations in Paragraph 149 that are inconsistent with the document.

150.    Paragraph 150 quotes and characterizes the Presidential Memorandum; the document speaks for itself. Green Oceans denies any allegations in Paragraph 150 that are inconsistent with the document.

151.    Paragraph 151 quotes and characterizes executive actions; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 151 that are inconsistent with those texts.

152.    Paragraph 152 quotes and characterizes an Executive Order 14154; the authority speaks for itself. Green Oceans denies any allegations in Paragraph 152 that are inconsistent with the text.

153.    Paragraph 153 quotes and characterizes Executive Order 14315 and a Secretarial Order; the authorities speak for themselves. Green Oceans denies any allegations in Paragraph 153 that are inconsistent with those texts.

154.    Paragraph 154 contains factual assertions regarding Interior's actions and the alleged absence of notices of violation. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 and denies them on that basis.

155.    Paragraph 155 contains factual assertions regarding meetings, communications with regulators, and matters allegedly discussed or not discussed. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 and denies them on that basis.

156.    Paragraph 156 contains characterizations regarding Revolution Wind's beliefs, reliance, and construction activities. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and denies them on that basis.

157.    Green Oceans admits only that on August 22, 2025, BOEM's Acting Director issued a Director's Order directing Revolution Wind to halt ongoing OCS activities as described in the letter, and otherwise states that the order speaks for itself; all remaining allegations and characterizations in Paragraph 157 are denied.

158.    Green Oceans admits only that the First Stop Work Order references review under a Presidential Memorandum; the document speaks for itself. All remaining allegations in Paragraph 158 are denied.

159.    Green Oceans admits only that, as of the issuance of the First Stop Work Order, no notice of noncompliance had been issued to Revolution Wind; all remaining allegations and characterizations in Paragraph 159 are denied.

160.    Paragraph 160 references public statements attributed to Interior and the Secretary and cites media materials; the referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 160.

161.    Paragraph 161 references public interviews and characterizes statements attributed to the Secretary. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 161.

162.    Paragraph 162 references statements attributed to the EPA Administrator and cites media materials. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 162.

163.    Paragraph 163 references public statements attributed to the President and cites social media materials. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 163.

164.    Green Oceans denies the allegations in Paragraph 164.

165.    Green Oceans admits only that on September 22, 2025, the Court issued a preliminary injunction against enforcement of the First Stop Work Order, and that the hearing transcript reflects the Court's statements; the Court's orders and transcript speak for themselves. All remaining allegations in Paragraph 165 are denied.

166.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 and denies them on that basis.

167.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 and denies them on that basis.

168.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 and denies them on that basis.

169.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and denies them on that basis.

170.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and denies them on that basis.

171.    Green Oceans admits only that on December 22, 2025, BOEM issued a Director's Order directing Revolution Wind to suspend ongoing OCS activities for 90 days for reasons

identified as national security, and otherwise states that the document speaks for itself; all remaining allegations and characterizations in Paragraph 171 are denied.

172.    Green Oceans admits only that the Second Stop Work Order references BOEM's receipt of new classified information from the Department of War in November 2025, asserts particularized harm and feasibility of averting harm by suspension, and invites a meet-and-confer, and that it states BOEM may extend the 90-day suspension; the document speaks for itself. All remaining allegations in Paragraph 172 are denied.

173.    Green Oceans admits only that the Second Stop Work Order does not assert a violation by the Project; the document speaks for itself. All remaining allegations in Paragraph 173 are denied.

174.    Paragraph 174 contains characterizations regarding public statements and alleged inconsistencies. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 174.

175.    Paragraph 175 references a press release and other materials and characterizes their contents. The referenced materials speak for themselves and are the best evidence of their contents. To the extent a response is required, Green Oceans denies any allegations in Paragraph 175 that are inconsistent with the filings.

176.    Paragraph 176 references a declaration filed in separate litigation and characterizes its contents. The referenced declaration speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 176.

177.    Paragraph 177 references public interviews and social media statements and characterizes their contents. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 177.

178.    Green Oceans denies the allegations in Paragraph 178.

179.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and denies them on that basis.

180.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and denies them on that basis.

181.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and denies them on that basis.

182.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and denies them on that basis.

183.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and denies them on that basis.

184.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and denies them on that basis.

185.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and denies them on that basis.

186.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and denies them on that basis.

187.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and denies them on that basis.

188.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and denies them on that basis.

189.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and denies them on that basis.

190.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and denies them on that basis.

191.    Paragraph 191 contains characterizations and legal conclusions regarding alleged threats to energy, environmental, and public health benefits; no response is required. To the extent a response is required, Green Oceans denies the allegations in Paragraph 191.

192.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 and denies them on that basis.

193.    Paragraph 193 quotes and characterizes filings; the filings speak for themselves. Green Oceans denies any allegations in Paragraph 193 that are inconsistent with those filings.

194.    Paragraph 194 references declarations filed in separate litigation and characterizes their contents. The referenced declarations speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 194.

195.    Paragraph 195 references public statements attributed to New England Independent System Operator ("ISO-NE") and characterizes their contents. The referenced statements speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 195.

196.    Paragraph 196 contains factual assertions and characterizations regarding state climate goals, statutory provisions, and alleged impacts of delay. The cited statutes speak for

themselves. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 196 and denies them on that basis.

197.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and denies them on that basis.

198.    Paragraph 198 references public statements attributed to state officials and characterizes their contents. The referenced statements speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 198.

199.    Paragraph 199 references a letter from state officials and characterizes its contents. The referenced letter speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 199.

200.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 and denies them on that basis.

201.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and denies them on that basis.

202.    Paragraph 202 references declarations and contains factual assertions regarding port activity, economic impact, and job support. The referenced declarations speak for themselves. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 202 and denies them on that basis.

203.    Paragraph 203 references agreements and contains factual assertions regarding labor arrangements and employment impacts. The referenced agreements speak for themselves. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 203 and denies them on that basis.

204.    Paragraph 204 contains factual assertions regarding community investments and training commitments. The referenced materials speak for themselves. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 204 and denies them on that basis.

205.    Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and denies them on that basis.

**Claim I: Violation of the Outer Continental Shelf Lands Act and the Administrative Procedure Act**

**The First Stop Work Order Is Arbitrary and Capricious In Violation of 5 U.S.C. § 706**

206.    Paragraph 206 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

207.    Paragraph 207 quotes and characterizes a statute, which requires no response. The statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 207 that is inconsistent with the plain language of the statute.

208.    Paragraph 208 quotes and characterizes statutory provisions and legislative enactments. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegations in Paragraph 208 that are inconsistent with the plain language of the statute and legislative enactments cited.

209.    Paragraph 209 quotes and characterizes legislative history. The referenced materials speak for themselves. To the extent a response is required, Green Oceans denies any allegations in Paragraph 209 that are inconsistent with referenced materials.

210.    Paragraph 210 quotes and characterizes a statutory provision. The cited statute speaks for itself. To the extent a response is required, Green Oceans denies any allegation in Paragraph 210 that is inconsistent with the plain language of the statute.

211.    Green Oceans denies the allegations in Paragraph 211.

212.    Green Oceans denies the allegations in Paragraph 212.

213.    Green Oceans denies the allegations in Paragraph 213.

214.    Green Oceans denies the allegations in Paragraph 214.

215.    Paragraph 215 references filings in separate litigation and contains legal conclusions and characterizations. The referenced filings speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 215.

216.    Green Oceans denies the allegations in Paragraph 216.

217.    Paragraph 217 contains factual assertions regarding expenditures and projected losses. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and denies them on that basis.

218.    Green Oceans denies the allegations in Paragraph 218.

219.    Green Oceans denies the allegations in Paragraph 219.

220.    Green Oceans denies the allegations in Paragraph 220.

221.    Green Oceans denies the allegations in Paragraph 221.

222.    Green Oceans denies the allegations in Paragraph 222.

223.    Green Oceans denies the allegations in Paragraph 223.

224.    Green Oceans denies the allegations in Paragraph 224.

225.    Green Oceans denies the allegations in Paragraph 225.

226.    Green Oceans denies the allegations in Paragraph 226.

**Claim II: Violation of the Outer Continental Shelf Lands Act and the Administrative Procedure Act**

**The First Stop Work Order Is Contrary to Law In Violation of 5 U.S.C. § 706**

227.    Paragraph 227 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

228.    Paragraph 228 states legal conclusions regarding the Administrative Procedure Act to which no response is required; to the extent a response is required, the allegations in Paragraph 228 are denied.

229.    Paragraph 229 quotes and characterizes statutory provisions. The cited authority speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 229 that is inconsistent with the plain language of the statute.

230.    Paragraph 230 quotes and characterizes statutory provisions and legislative enactments. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 230 that is inconsistent with the plain language of the statute and legislative enactments.

231.    Paragraph 231 quotes and characterizes legislative history. The cited materials speak for themselves. Green Oceans denies any allegation in Paragraph 231 that is inconsistent with the cited materials.

232.    Paragraph 232 quotes and characterizes the First Stop Work Order and statutory and regulatory provisions. The cited authorities speak for themselves and are the best evidence of their contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 232.

233.    Paragraph 233 quotes and characterizes a statutory provision. The cited authorities speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 233 that is inconsistent with the plain language of the statute.

234.    Paragraph 234 quotes and characterizes regulatory provisions. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 234 that is inconsistent with the regulation's plain language.

235.    Green Oceans denies the allegations in Paragraph 235.

236.    Green Oceans denies the allegations in Paragraph 236.

237.    Green Oceans denies the allegations in Paragraph 237.

**Claim III: Violation of the Outer Continental Shelf Lands Act and the Administrative Procedure Act**

**The First Stop Work Order Was Issued Without Observance of Procedure as Required by Law In Violation of 5 U.S.C. § 706**

238.    Paragraph 238 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

239.    Paragraph 239 quotes and characterizes a statutory provision. The cited statute speaks for itself. To the extent a response is required, Green Oceans denies any allegation in Paragraph 239 that is inconsistent with the plain language of the statute.

240.    Paragraph 240 contains legal conclusions and characterizations of case law. The cited authority speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 240.

241.    Paragraph 241 quotes and characterizes a regulatory provision. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 241 that is inconsistent with the plain language of the regulation.

242.    Paragraph 242 quotes and characterizes a regulatory provision. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 242 that is inconsistent with the plain language of the regulation.

243.    Paragraph 243 quotes and characterizes a regulatory provision. The cited regulation speaks for itself. Green Oceans denies any allegation in Paragraph 243 that is inconsistent with the plain language of the regulation.

244.    Paragraph 244 quotes and characterizes regulatory provisions. The cited regulations speak for themselves and are the best evidence of their contents. Green Oceans denies any allegation in Paragraph 244 that is inconsistent with the plain language of the regulations.

245.    Green Oceans denies the allegations in Paragraph 245.

246.    Green Oceans denies the allegations in Paragraph 246.

**Claim IV: Violation of the Administrative Procedure Act and Fifth Amendment**

**The First Stop Work Order Violates The Procedural Due Process Guarantees of the Fifth Amendment to the U.S. Constitution**

247.    Paragraph 247 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

248.    Paragraph 248 states legal conclusions regarding the Administrative Procedure Act and the Constitution to which no response is required; to the extent a response is required, the allegations in Paragraph 248 are denied.

249.    Green Oceans denies the allegations in Paragraph 249.

250.    Paragraph 250 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 250 are denied.

251.     Paragraph 251 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 251 are denied.

252.     Paragraph 252 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 252 are denied.

253.     Green Oceans denies the allegations in Paragraph 253.

254.     Green Oceans denies the allegations in Paragraph 254.

**Claim V: Violation of the Outer Continental Shelf Lands Act and the Administrative Procedure Act**

**The Second Stop Work Order Is Arbitrary and Capricious In Violation of 5 U.S.C. § 706**

255.     Paragraph 255 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

256.     Paragraph 256 states legal conclusions regarding the Administrative Procedure Act to which no response is required; to the extent a response is required, the allegations in Paragraph 256 are denied.

257.     Paragraph 257 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 257 are denied.

258.     Green Oceans denies the allegations in Paragraph 258.

259.     Green Oceans denies the allegations in Paragraph 259.

260.     Paragraph 260 contains legal conclusions and characterizations of case law. The cited authority speaks for itself. To the extent a response is required, Green Oceans denies the allegations in Paragraph 260.

261.     Green Oceans denies the allegations in Paragraph 261.

262.     Green Oceans denies the allegations in Paragraph 262.

263.     Green Oceans denies the allegations in Paragraph 263.

264.     Green Oceans denies the allegations in Paragraph 264.

265.     Paragraph 265 references press materials and the Second Stop Work Order. The referenced materials speak for themselves. Green Oceans denies the remaining allegations in Paragraph 265.

266.     Green Oceans denies the allegations in Paragraph 266.

267.     Green Oceans denies the allegations in Paragraph 267.

268.     Paragraph 268 references the Second Stop Work Order, a mitigation agreement, and lease provisions. The referenced documents speak for themselves and are the best evidence of their contents. Green Oceans denies the remaining allegations in Paragraph 268.

269.     Green Oceans denies the allegations in Paragraph 269.

270.     Green Oceans denies the allegations in Paragraph 270.

271.     Paragraph 271 references BOEM's Record of Decision and statutory provisions. The cited authorities speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 271.

272.     Paragraph 272 references filings and administrative records in separate litigation. The referenced filings speak for themselves. Green Oceans denies the remaining allegations in Paragraph 272.

273.     Paragraph 273 references filings in separate litigation. The referenced filings speak for themselves. Green Oceans denies the allegations in Paragraph 273.

274.     Green Oceans denies the allegations in Paragraph 274.

275.     Paragraph 275 contains legal conclusions and characterizations of case law. The cited authority speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 275.

276.    Paragraph 276 contains factual assertions regarding expenditures and projected losses. Green Oceans lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and denies them on that basis.

277.    Green Oceans denies the allegations in Paragraph 277.

278.    Green Oceans denies the allegations in Paragraph 278.

279.    Paragraph 279 references interviews, press materials, the lease, and the Second Stop Work Order. The referenced materials speak for themselves. Green Oceans denies the allegations in Paragraph 279.

280.    Green Oceans denies the allegations in Paragraph 280.

281.    Green Oceans denies the allegations in Paragraph 281.

**Claim VI: Violation of the Outer Continental Shelf Lands Act and The Administrative Procedure Act**

**The Second Stop Work Order Was Issued Without Observance of Procedure as Required by Law In Violation of 5 U.S.C. § 706**

282.    Paragraph 282 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

283.    Paragraph 283 states legal conclusions regarding the Administrative Procedure Act to which no response is required; to the extent a response is required, the allegations in Paragraph 283 are denied.

284.    Paragraph 284 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 284 are denied.

285.    Paragraph 285 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 285 are denied.

286.    Green Oceans denies the allegations in Paragraph 286.

287.    Paragraph 287 references the Second Stop Work Order and regulatory provisions. The referenced authorities speak for themselves. Green Oceans denies the remaining allegations in Paragraph 287.

288.    Green Oceans denies the allegations in Paragraph 288.

289.    Green Oceans denies the allegations in Paragraph 289.

**Claim VII: Violation of the Outer Continental Shelf Lands Act and the Administrative Procedure Act**

**The Second Stop Work Order Was Issued In Excess of Statutory Authority In Violation of 5 U.S.C. § 706**

290.    Paragraph 290 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

291.    Paragraph 291 states legal conclusions regarding the Administrative Procedure Act to which no response is required; to the extent a response is required, the allegations in Paragraph 291 are denied.

292.    Paragraph 292 states legal conclusions, to which no response is required. To the extent a response is required, the allegations in Paragraph 292 are denied.

293.    Paragraph 293 quotes and characterizes regulatory provisions. The cited regulation speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 293 that is inconsistent with the regulation's plain language.

294.    Paragraph 294 quotes and characterizes statutory provisions. The cited statute speaks for itself and is the best evidence of its contents. Green Oceans denies any allegation in Paragraph 294 that is inconsistent with the statute's plain language.

295.    Paragraph 295 contains legal conclusions regarding statutory interpretation, to which no response is required. To the extent a response is required, Green Oceans denies the allegations in Paragraph 295.

296.    Paragraph 296 quotes and characterizes statutory provisions. The cited statute speaks for itself. Green Oceans denies any allegation in Paragraph 296 that is inconsistent with the statute's plain language.

297.    Paragraph 297 quotes and characterizes statutory provisions. The cited statute speaks for itself. Green Oceans denies any allegation in Paragraph 297 that is inconsistent with the statute's plain language.

298.    Paragraph 298 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 298 are denied.

299.    Paragraph 299 contains legal conclusions regarding statutory interpretation. Green Oceans denies the allegations in Paragraph 299.

300.    Paragraph 300 quotes and characterizes provisions of the lease and contains legal conclusions regarding its interpretation. The referenced lease speaks for itself. To the extent a response is required, Green Oceans denies the allegations in Paragraph 300.

301.    Paragraph 301 contains legal conclusions regarding statutory interpretation, to which no response is required. To the extent a response is required, Green Oceans denies the allegations in Paragraph 301.

302.    Paragraph 302 contains legal conclusions regarding statutory authority and compliance, to which no response is required. To the extent the paragraph references the lease, the lease speaks for itself. Green Oceans denies the allegations in Paragraph 302.

303.    Paragraph 303 contains legal conclusions regarding statutory authority and characterizations of the Second Stop Work Order. The referenced statute and lease speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 303.

304.    Green Oceans denies the allegations in Paragraph 304.

**Claim VIII: Violation Of The Administrative Procedure Act And Fifth Amendment**

**The Second Stop Work Order Violates The Procedural Due Process Guarantees of the Fifth Amendment to the U.S. Constitution**

305.    Paragraph 305 incorporates prior allegations. To the extent a response is required, Green Oceans denies any allegations inconsistent with its prior responses.

306.    Paragraph 306 states legal conclusions regarding the Administrative Procedure Act and the Constitution to which no response is required; to the extent a response is required, the allegations in Paragraph 306 are denied.

307.    Green Oceans denies the allegations in Paragraph 307.

308.    Paragraph 308 quotes a constitutional provision. The cited provision speaks for itself and is the best evidence of its contents. To the extent a response is required, Green Oceans denies any allegation inconsistent with the plain language of the Constitution.

309.    Paragraph 309 states legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 309 are denied.

310.    Green Oceans denies the allegations in Paragraph 310.

311.    Paragraph 311 quotes and characterizes the Second Stop Work Order and case law. The referenced Order and authorities speak for themselves. To the extent a response is required, Green Oceans denies the allegations in Paragraph 311.

312.    Green Oceans denies the allegations in Paragraph 312.

313.    Green Oceans denies the allegations in Paragraph 313.

314.    Green Oceans denies the allegations in Paragraph 314.

315.    Green Oceans denies the allegations in Paragraph 315.

316.    Paragraph 316 references filings in separate litigation and contains legal conclusions and characterizations. The referenced filings speak for themselves and are the best evidence of their contents. To the extent a response is required, Green Oceans denies the allegations in Paragraph 316.

317.    Green Oceans denies the allegations in Paragraph 317.

**Prayer for Relief**

Green Oceans denies that Revolution Wind is entitled to any of the relief requested in subparagraphs (a) through (l) of the WHEREFORE clause or to any relief whatsoever.

**Defenses**

**First Defense: Lack of Article III Standing**

Revolution Wind lacks Article III standing. Revolution Wind has not alleged a concrete particularized injury that is actual or imminent, fairly traceable to the Federal Defendants' actions, and likely to be redressed by a favorable decision. The challenged Stop Work Orders do not revoke Revolution Wind's lease, rescind project approvals, or terminate the Project, but temporarily paused certain activities pending agency review. Any alleged injuries premised on delay, scheduling impacts, vessel availability, third-party contracts, or speculative future cancellation are contingent and not sufficiently imminent or redressable.

**Second Defense: Mootness**

Revolution Wind's claims are moot in whole or in part. Revolution Wind's complaint seeks injunctive relief and the First Stop Work Order and the Second Stop Work Order have been

stayed and preliminarily enjoined by this Court. Revolution Wind has been allowed to continue construction and, based on Revolution Wind's allegations, the Project is nearly complete and close to being connected to the electric grid. Because the Stop Work Orders have been enjoined, Revolution Wind's request for declaratory and injunctive relief does not present a live controversy.

To the extent the Second Stop Work Order was expressly time-limited to 90 days and subject to expiration or modification, challenges to that Order are further moot or partially moot.

**Third Defense: Ripeness**

Revolution Wind's claims are not ripe. The Second Stop Work Order contemplated further discussions and potential mitigation. Any asserted harm depends on future agency determinations, potential extensions, and speculative project outcomes.

**Fourth Defense: Failure to Exhaust Administrative Remedies**

Revolution Wind failed to exhaust available administrative remedies. The Stop Work Orders expressly advised Revolution Wind of its right to appeal to the Interior Board of Land Appeals under 30 C.F.R. § 585.118 and related regulations and to seek a stay pending appeal. Revolution Wind did not pursue that administrative review. This failure bars or limits judicial review.

**Fifth Defense: No Final Agency Action**

The challenged Stop Work Orders do not constitute final agency action within the meaning of 5 U.S.C. § 704. The Orders were temporary, interlocutory measures issued pending further review and potential mitigation discussions. The Stop Work Orders did not determine rights or obligations with finality and did not consummate the agency's decision-making process.

**Sixth Defense: Sovereign Immunity and Jurisdictional Limitations**

Revolution Wind's claims are barred to the extent they seek relief beyond the waiver of sovereign immunity provided in the APA. To the extent Revolution Wind's claims sound in contract or seek compensation for alleged lease-based harms, exclusive jurisdiction lies in the United States Court of Federal Claims under the Tucker Act.[2]

**Seventh Defense: Agency Discretion and Statutory Authority**

The challenged actions fall within the Secretary's and BOEM's statutory and regulatory authority under OCSLA and its implementing regulations, including authority to ensure protection of national security interests and to order suspensions when necessary. The actions involve discretionary judgments committed to agency expertise and are not unlawful under the APA.

**Eighth Defense: Failure to State a Claim**

The Complaint fails to state a claim upon which relief can be granted.

**Ninth Defense: Equitable Limitations**

Revolution Wind is not entitled to declaratory or injunctive relief because:

- Any alleged harm is speculative or compensable by monetary relief,

- The balance of equities favors permitting the agency to address national security concerns,

- The public interest weighs against interference with national security determinations.

**Reservation**

Green Oceans reserves the right to add defenses as may be developed during litigation.

---

[2] 28 U.S.C. § 1491.

WHEREFORE, Green Oceans requests that the Court dismiss Revolution Wind's Complaint with prejudice, deny all requested relief, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
s/ Roger J. Marzulla
Roger J. Marzulla, Bar No. 394907
Nancie G. Marzulla, Bar No. 400985
Mollie A. Jackowski, Bar No. 1780535
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
Tel: (202) 822-6760
roger@marzulla.com
nancie@marzulla.com
mollie@marzulla.com

February 20, 2026                    Attorneys for Green Oceans