## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

REVOLUTION WIND, LLC,

        *Plaintiff,*

  *v.*

DOUGLAS BURGUM, in his official capacity as
Secretary of the Interior, et al.,

        *Federal Defendants,*

  *and*

GREEN OCEANS,

        *Intervenor-Defendant.*

Case No. 1:25-cv-2999

Hon. Royce C. Lamberth

## <u>FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT</u>

    Defendants U.S. Department of the Interior, Douglas Burgum in his official capacity as Secretary of the Interior; Bureau of Ocean Energy Management ("BOEM"), Matthew Giacona in his official capacity as Acting Director of BOEM, Bureau of Safety and Environmental Enforcement ("BSEE"), and Kenneth Stevens in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of BSEE (collectively, "Federal Defendants") hereby answer Plaintiff Revolution Wind, LLC's Supplemental Complaint (Dkt. No. 52). The responses below correspond to the numbered paragraphs in Plaintiff's Supplemental Complaint. Federal Defendants deny any allegations not otherwise admitted, denied, or qualified herein.

    1.    The allegations in Paragraph 1 constitute Plaintiff's characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

1

2.     With respect to the first sentence of Paragraph 2, Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that construction "is almost complete" and deny it on that basis. The remaining allegations in the first sentence of Paragraph 2 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 2 and deny them on that basis. Federal Defendants deny the allegations in the third sentence of Paragraph 2. Federal Defendants admit the allegations in the fourth and fifth sentences of Paragraph 2.

3.     The allegations in the first sentence of Paragraph 3 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 3.

4.     Federal Defendants admit that the Revolution Wind Farm and Revolution Wind Export Cable Project (the "Project") is an offshore wind project located on the U.S. Outer Continental Shelf, and that the Project is planned to deliver electricity to Rhode Island and Connecticut.  Federal Defendants deny the remaining allegations in Paragraph 4.

5.     Federal Defendants admit that they reviewed, and BOEM approved, the Project's Construction and Operations Plan ("COP"), which was submitted in March of 2020 and approved in late 2023.  Federal Defendants admit that review encompassed environmental, national defense, and safety issues, but deny any remaining allegations in the first sentence of Paragraph 5. The remaining allegations in the second sentence of Paragraph 5 purport to characterize the Project's

COP approval, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the approval, they are denied.

6.      Federal Defendants admit that Revolution Wind or its predecessor obtained a lease from BOEM after a multi-year process that involved consultation with the Department of Defense ("DOD"), consideration of fishery issues, and that the review involved opportunities for stakeholder and public comment. The remaining allegations in the second sentence of Paragraph 6 are vague and ambiguous as to what "consultations, permits, and approvals" are being referenced, and Federal Defendants deny the allegations on that basis.  Federal Defendants deny any remaining allegations in Paragraph 6.

7.      The allegations in Paragraph 7 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

8.      Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation regarding construction completion and deny the allegation on that basis. Federal Defendants deny any remaining allegations in Paragraph 8.

9.      Federal Defendants admit that 67 monopile foundations and approximately 70% of the WTGs had been installed when the August 2025 Stop Work Order was issued. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and deny them on that basis.

10.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 and deny them on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 10.

11.    Federal Defendants admit that the Project's nameplate capacity is planned to be 704 megawatts and that the Project is planned to deliver electricity to Rhode Island and Connecticut, but deny the remaining allegations in the first sentence of Paragraph 11. The allegations in the second sentence of Paragraph 11 purport to characterize a statement from the New England Grid Operator, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statement, they are denied. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in third and fourth sentences in Paragraph 7 and deny them on that basis.

12.    Federal Defendants admit that the President issued a Presidential Memorandum entitled "Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects" on January 20, 2025, and that Secretary Burgum issued Secretary's Order 3437 on July 29, 2025. The remaining allegations in the first and second sentences of Paragraph 12 purport to characterize the Presidential Memorandum or Secretary's Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Presidential Memorandum or Secretary's Order, they are denied. The allegations in the third sentence of Paragraph 12 purport to characterize court documents, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

13.    The allegations in Paragraph 13 purport to characterize a Presidential Memorandum and Executive Orders, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum and Executive Orders, they are denied.

4

14.     Federal Defendants admit that the acting Director of BOEM issued an order to Revolution Wind on August 22, 2025. The remaining allegations in the first sentence of Paragraph 14 and the allegations in the second and fourth sentences of Paragraph 14 purport to characterize the August 22, 2025 Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied. The allegations in the third sentence of Paragraph 14 are vague and ambiguous as to the meaning of "cleared," and Federal Defendants deny the allegations on that basis.

15.     Federal Defendants deny the allegations in Paragraph 15.

16.     The allegations in the second sentence of Paragraph 16 purport to characterize OCSLA and the Department of the Interior's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statute and regulations, they are denied. Federal Defendants deny the remaining allegations in Paragraph 16.

17.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 17. The allegations in the third and fourth sentences of Paragraph 17 purport to characterize the August 2025 Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

18.     Federal Defendants deny the allegations in Paragraph 18.

19.     Federal Defendants deny the allegations in the first sentence of Paragraph 19. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 19 and deny them on that basis.

20.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 and deny them on that basis. The allegations in the second sentence of Paragraph 21 purport to characterize a statement from the New England grid operator, which speaks for itself and is the best evidence of its contents. To the extent the allegations in that sentence are inconsistent with the referenced statement, they are denied.

22.     Federal Defendants admit BOEM did not provide Revolution Wind with advance notice of the December 22, 2025 Suspension Order . The remaining allegations in Paragraph 22 purport to characterize the Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that documentation, they are denied.

23.     Federal Defendants admit BOEM did not provide Revolution Wind with notice or a hearing before issuing the December 22, 2025 Suspension Order. Federal Defendants deny the remaining allegations in Paragraph 23.

24.     Federal Defendants deny the allegations in Paragraph 24.

25.     Federal Defendants deny the allegations in Paragraph 25.

26.     Federal Defendants admit BOEM did not provide Revolution Wind with notice or a hearing before issuing the December 22, 2025 Suspension Order. Federal Defendants deny the remaining allegations in Paragraph 26.

27.     Federal Defendants deny the allegations in Paragraph 27.

28.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Federal Defendants deny the allegations in Paragraph 29.

30.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.     Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     Federal Defendants deny any violation of law. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and deny them on that basis.

33.     The allegations in Paragraph 33 constitute Plaintiff's characterization of the case, to which no response is required. Federal Defendants deny any violation of law and that Revolution Wind is entitled to the relief requested or any relief whatsoever.

34.     The allegations in Paragraph 34 constitute Plaintiff's characterization of the case, to which no response is required. Federal Defendants deny any violation of law and that Revolution Wind is entitled to the relief requested or any relief whatsoever.

35.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 35. Federal Defendants deny the remaining allegations in Paragraph 35.

36.     Federal Defendants admit the allegations in Paragraph 36.

37.     Federal Defendants admit the allegations in Paragraph 37.

38.     Federal Defendants admit the allegations in the first, second, third, fourth, sixth, and seventh sentences of Paragraph 38. The allegations in the fifth sentence of Paragraph 38 purport to characterize the Outer Continental Shelfs Lands Act ("OCSLA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

7

39.     The allegations in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit that the Court has subject matter jurisdiction but deny any remaining allegations.

40.     The allegations in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

41.     The allegations in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit that venue is proper but deny any remaining allegations.

42.     The allegations in paragraph 42 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants admit the August 2025 Stop Work Order and December 2025 Suspension Order are final agency actions but deny any remaining allegations.

43.     The allegations in paragraph 43 are legal conclusions to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

44.     The allegations in Paragraph 44 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

45.     The allegations in Paragraph 45 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

46.     The allegations in Paragraph 46 purport to characterize House and Senate Reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced reports, they are denied

47.     Federal Defendants admit that BOEM has issued more than 39 commercial leases for wind development on the OCS and that the planned nameplate capacity of the 11 approved projects on those leases is greater than 19 gigawatts. Federal Defendants deny the remaining allegations in Paragraph 47.

48.     The allegations in Paragraph 48 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

49.     Federal Defendants admit that BOEM has authority over development of offshore leases as laid out in OCSLA and BOEM's implementing regulations. To the extent the allegations in Paragraph 49 are inconsistent with those authorities, they are denied.

50.     The allegations in Paragraph 50 purport to characterize BOEM's regulations implementing OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

51.     The allegations in Paragraph 51 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

52.     The allegations in Paragraph 52 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

53.     The allegations in Paragraph 53 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

54.    The allegations in Paragraph 54 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

55.    The allegations in the first sentence of Paragraph 55 are vague and ambiguous as to which reviews and approvals are being referenced, and Federal Defendants deny the allegations on that basis. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 55 and deny them on that basis.

56.    Federal Defendants admit that BSEE collaborates with BOEM and that BSEE has a role in developing safety and environmental regulations for activities on OCS wind leases. Federal Defendants deny any remaining allegations in Paragraph 56.

57.    Federal Defendants admit the allegations in the first sentence of Paragraph 57.  The remaining allegations in Paragraph 57 purport to characterize BSEE's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

58.    The allegations in Paragraph 58 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

59.    The allegations in Paragraph 59 purport to characterize OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with OCSLA or the referenced regulations, they are denied.

60.    The allegations in Paragraph 60 purport to characterize OCSLA and its implementing regulations, which speak for themselves and are the best evidence of their contents.

To the extent the allegations are inconsistent with OCSLA or the referenced regulations, they are denied.

61.    The allegations in Paragraph 61 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

62.    The allegations in the first sentence of Paragraph 62 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 62.

63.    The allegations in Paragraph 63 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

64.    The allegations in Paragraph 64 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

65.    The allegations in Paragraph 65 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

66.    The allegations in Paragraph 66 purport to characterize the August 2025 Stop Work Order and a BOEM regulation, which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced order and regulation, they are denied.

67.     The allegations in Paragraph 59 purport to characterize OCSLA and a regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with OCSLA or the referenced regulations, they are denied.

68.     The allegations in Paragraph 68 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

69.     The allegations in Paragraph 69 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

70.     The allegations in Paragraph 70 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

71.     The allegations in Paragraph 71 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

72.     The allegations in Paragraph 72 purport to characterize BSEE regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

73.     The allegations in Paragraph 73 purport to characterize BOEM's regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

74.     The allegations in Paragraph 74 purport to characterize BSEE regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

75.     The allegations in Paragraph 75 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

76.     The allegations in Paragraph 76 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

77.     Federal Defendants admit that several agencies reviewed various aspects of the Project over multiple years and that these reviews resulted in documents which collectively are thousands of pages. With respect to allegations in the last sentence of Paragraph 77, they are vague and ambiguous as to what reviews and documents are being referenced that have reached allegedly "uniform" conclusions, and Federal Defendants deny the allegations on that basis. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and deny them on that basis.

78.     Federal Defendants deny the allegations in the first sentence of Paragraph 78 and aver that the process for offering the lease area began before 2013. Federal Defendants admit the remaining allegations in Paragraph 78.

79.     Federal Defendants admit that the lease auction followed BOEM's environmental review and environmental assessment, including consultation with DOW. BOEM denies any remaining allegations in the first sentence of Paragraph 79. The allegations in the second sentence of Paragraph 79 purport to characterize meeting materials, which speak for themselves and are the

best evidence of their contents. To the extent the allegations are inconsistent with the referenced materials, they are denied.

80.    Federal Defendants admit that there was an initial draft and a public comment period in 2012 for its environmental impact statement. The remaining allegations in Paragraph 80 purport to characterize the May 2013 environmental assessment, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

81.    Federal Defendants admit the allegations in the first sentence of Paragraph 81. The allegations in the second sentence of Paragraph 81 purport to characterize a final review document, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

82.    Federal Defendants admit the allegations in Paragraph 82.

83.    Federal Defendants admit the allegations in the first and third sentences of Paragraph 83. The allegations in the second sentence of Paragraph 83 purport to characterize the Site Assessment Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Site Assessment Plan, they are denied.

84.    Federal Defendants admit the allegations in Paragraph 84.

85.    Federal Defendants admit that Revolution Wind submitted a COP to BOEM in March of 2020 which was updated multiple times. The remaining allegations in Paragraph 85 purport to characterize the COP submitted in March 2020 and subsequent updated versions of the COP, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

86.     The allegations in paragraph 86 purport to characterize the March 2020 COP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced COP, they are denied.

87.     The allegations in Paragraph 87 purport to characterize an email and the COP, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

88.     The allegations in Paragraph 88 purport to characterize an appendix to the COP and BOEM's Record of Decision ("ROD"), which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

89.     The allegations in the first and third sentences of Paragraph 89 purport to characterize an appendix to the COP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied. The allegations in the second sentence of Paragraph 89 purport to characterize the United States Coast Guard Navigation Safety Risk Assessment, which speaks for itself and is the best evidence of its contents.

90.     Federal Defendants admit the allegations in Paragraph 90.

91.     Federal Defendants admit the allegations in the first sentence of Paragraph 91. Federal Defendants deny the allegations in the second sentence of Paragraph 91 and aver BOEM announced the availability of the Final Environmental Impact Statement ("EIS") on July 17, 2023. The allegations in the third sentence of Paragraph 91 purport to characterize the Final EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final EIS, they are denied.

92.     Federal Defendants admit the allegations in the first sentence of Paragraph 92. The allegations in the second sentence of Paragraph 92 purport to characterize the Memorandum of Agreement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Memorandum of Agreement, they are denied.

93.     Federal Defendants admit the allegations in the first, fourth, and fifth sentences of Paragraph 93. The allegations in the second and third sentences of Paragraph 93 purport to characterize an appendix to the COP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

94.     The allegations in the first and second sentence of Paragraph 94 purport to characterize the Conditions of Approval of the COP, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Conditions of Approval, they are denied. Federal Defendants admit the allegations in the third sentence of Paragraph 94.

95.     Federal Defendants admit the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, they are denied.

97.     Federal Defendants admit the allegations in the first sentence of Paragraph 97. The allegations in the second sentence of Paragraph 97 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, they are denied.

98.     Federal Defendants admit that BOEM sent Revolution Wind the Conditions of Approval on November 17, 2023. The remaining allegations in Paragraph 98 purport to

characterize the Conditions of Approval, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Conditions of Approval, they are denied.

99.     The allegations in first, second, fourth, and fifth sentences of Paragraph 99 purport to characterize a revised environmental assessment and the ROD, which speak for themselves and are the best evidence of their contents. To the extent the allegations in that sentence are inconsistent with the referenced documents, they are denied. Federal Defendants admit the allegations in the third sentence of Paragraph 99.

100.     Federal Defendants admit the allegations in the first sentence of Paragraph 100. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 100 and deny them on that basis. The allegations in the third, fourth, fifth sentences of Paragraph 100 purport to characterize a letter from DOD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied. The allegations in the sixth sentence of Paragraph 100 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, they are denied.

101.     Federal Defendants admit that Revolution Wind and DOD entered into an agreement in 2024. The remaining allegations in Paragraph 101 purport to characterize either that agreement or a letter from an official in DOD, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

102.    The allegations in Paragraph 102 purport to characterize the Conditions of Approval for the Project, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Conditions of Approval, they are denied.

103.    The allegations in Paragraph 103 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

104.    The allegations in Paragraph 104 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

105.    The allegations in paragraph 105 purport to characterize the Federal Aviation Administration's Determination of No Hazard, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

106.    The allegations in paragraph 106 purport to characterize a mitigation agreement between Revolution Wind and NOAA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

107.    Federal Defendants admit the allegations in the first sentence of Paragraph 107. The remaining allegations in Paragraph 107 purport to characterize the incidental take regulations and the Letter of Authorization for the Project, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

108.    The allegations in Paragraph 108 purport to characterize the Letter of Authorization for the Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

109.    The allegations in the first sentence of Paragraph 109 are vague and ambiguous as to what scientific studies and findings are being referenced and as to what constitutes "overwhelming scientific consensus[,]" and Federal Defendants deny the allegations on that basis. The allegations in the second sentence of Paragraph 109 are vague and ambiguous as to what constitutes an "overwhelming[] determin[ation]" and Federal Defendants deny that allegation on that basis. The remaining allegations in the second sentence of Paragraph 109 purport to characterize several scientific studies, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced studies, they are denied. The allegations in the third sentence of Paragraph 109 purport to characterize statements from NOAA, DOE, the Marine Mammal Commission, and other unspecified "academic and other institutions," which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

110.    Federal Defendants admit the allegations in Paragraph 110.

111.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 111. The remaining allegations in Paragraph 111 purport to characterize the 2024 Biological Opinion ("BiOp") for the Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2024 BiOp, they are denied.

112.    The allegations in Paragraph 112 purport to characterize the 2024 BiOp for the Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2024 BiOp, they are denied.

113.    The allegations in Paragraph 113 purport to characterize the 2024 BiOp for the Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the 2024 BiOp, they are denied.

114.    Federal Defendants admit that BOEM consulted with the Fish and Wildlife Service ("FWS") pursuant to ESA Section 7. The remaining allegations in Paragraph 114 purport to characterize FWS's BiOp for the Project, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with FWS's BiOp, they are denied.

115.    Federal Defendants admit the allegations in the first, third, and fourth sentences of Paragraph 115. The allegations in the second and fifth sentences of Paragraph 115 purport to characterize the permit issued by the Army Corps of Engineers, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced permit, they are denied.

116.    Federal Defendants admit the allegations in the first sentence of Paragraph 116. The allegations in the second sentence of Paragraph 116 purport to characterize the permit issued by the Environmental Protection Agency, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced permit, they are denied.

117.    The allegations in Paragraph 117 purport to characterize judicial decisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced decisions, they are denied.

118.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 118. The remaining allegations in paragraph 118 purport to characterize the Rhode Island and Massachusetts's consistency determinations and associated conditions. To the extent the allegations are inconsistent with the referenced documents, they are denied.

119.    The Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the third and fourth sentences in Paragraph 119 and deny them on that basis.

120.    Federal Defendants admit BOEM's decision to approve the Revolution Wind Project COP was based on technical information, public comment, and interagency analysis. Federal Defendants deny any remaining allegations in Paragraph 120.

121.    Federal Defendants admit that ongoing litigation presently challenges BOEM's decision to approve the Revolution Wind Project COP, and that the administrative record in the referenced cases includes many pages of documentation. Federal Defendants admit that Revolution Wind is an intervenor-defendant for the referenced cases. Federal Defendants deny any remaining allegations in Paragraph 121.

122.    The allegations in Paragraph 122 purport to characterize court fillings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

123.    The allegations in Paragraph 123 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, they are denied.

124.    The allegations in Paragraph 124 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, they are denied.

125.    The allegations in Paragraph 125 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, they are denied.

126.    The allegations in the first sentence of Paragraph 126 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced filing, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 126.

127.    The allegations in Paragraph 127 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings, they are denied.

128.    The allegations in Paragraph 128 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings, they are denied.

129.    The allegations in Paragraph 129 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings, they are denied.

130.    The allegations in Paragraph 130 purport to characterize the dockets of cases in this court, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced dockets, they are denied.

131.    The allegations in Paragraph 131 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings, they are denied.

132.    Federal Defendants admit that Project construction began in August 2023. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and deny them on that basis.

133.    Federal Defendants admit the allegations in Paragraph 133.

134.    Federal Defendants admit the allegations in the first sentence of Paragraph 134. Federal Defendants deny the allegations in the second sentence of Paragraph 134.

135.    Federal Defendants admit the allegations in Paragraph 135.

136.    Federal Defendants admit the allegations in Paragraph 136.

137.    Federal Defendants admit the allegations in Paragraph 137.

138.    Federal Defendants admit the allegations in Paragraph 138.

139.    Federal Defendants admit the allegations in Paragraph 139.

140.    Federal Defendants admit that all monopile foundations have been installed and that 58 out of 65 wind turbine generators were installed and that cable installation was substantially complete when the December 2025 Suspension Order was issued. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140 and deny them on that basis.

141.    Federal Defendants admit the allegations in Paragraph 141.

142.    Federal Defendants admit Revolution Wind ceased work in the manner required by the December 2025 Suspension Order prior to the Court's January 12, 2026 preliminary injunction order.

143.    The allegations in Paragraph 143 purport to characterize a statement by the President, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the referenced statement, they are denied.

144.    Federal Defendants admit that a stop-work order was issued to the Empire Wind Project and later rescinded. The remaining allegations in the first sentence of Paragraph 144 purport to characterize the Empire Wind Stop Work Order, which speaks for itself and is the best

evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied. The allegations in the second sentence of Paragraph 144 purport to characterize a statement by the President, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document or statement, they are denied.

145.    The allegations in Paragraph 145 purport to characterize statements by the President, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced statements, they are denied.

146.    The allegations in Paragraph 146 purport to characterize statements by the President, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

147.    Federal Defendants admit the allegations in Paragraph 147.

148.    The allegations in Paragraph 148 purport to characterize a Presidential Memorandum and OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum and OCSLA, they are denied.

149.    The allegations in Paragraph 149 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

150.    The allegations in Paragraph 150 purport to quote and characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

151.    The allegations in Paragraph 151 purport to characterize a Presidential Memorandum, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Presidential Memorandum, they are denied.

152.    The allegations in Paragraph 152 purport to characterize Executive Order No. 14154, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Executive Order, they are denied.

153.    The allegations in Paragraph 153 purport to characterize an Executive Order and Secretarial Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced orders, they are denied.

154.    Federal Defendants admit that construction was proceeding on the Revolution Wind Project until the August 2025 Stop Work Order was issued and Interior had not issued a notice of violation, but deny the remaining allegations in Paragraph 154.

155.    The allegations in the first sentence of Paragraph 155 are vague and ambiguous as to the meetings being referenced and regulators involved, and Federal Defendants deny the allegations on that basis. The allegations in the third sentence of Paragraph 155 are vague and ambiguous as to identities of the individuals in question, and Federal Defendants deny the allegations on that basis.

156.    Federal Defendants admit that 67 monopile foundations and approximately 70% of the WTGs had been installed when the August 2025 Stop Work Order was issued. Federal Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156 and deny them on that basis.

157.    The allegations in Paragraph 157 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

158.    The allegations in Paragraph 158 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

159.    Federal Defendants admit the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 purport to characterize the August 2025 Stop Work Order and statements by the officials at the Department of the Interior, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with that Order and referenced statements, they are denied.

161.    The allegations in Paragraph 161 purport to characterize the Secretary's interview, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that referenced interview, they are denied.

162.    The allegations in Paragraph 162 purport to characterize the Administrator's statement, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that referenced statement, they are denied.

163.    The allegations in Paragraph 163 purport to characterize the President's statements. To the extent the allegations are inconsistent with that referenced statements, they are denied.

164.    Federal Defendants deny the allegations in Paragraph 164.

165.    The allegations in Paragraph 165 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied.

166.    Federal Defendants admit that Revolution Wind restarted construction following the Court's September 22, 2025 preliminary injunction order. Federal Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations in the first sentence of Paragraph 166. The allegations in the second sentence of Paragraph 166 are vague and ambiguous as to the identities of the representatives in question and Federal Defendants deny the allegations on that basis.

167.    Federal Defendants admit the allegations in Paragraph 167.

168.    Federal Defendants admit the allegations in the first and third sentences of Paragraph 168.  With respect to the second sentence, Federal Defendants admit that representatives from BOEM, BSEE, and NOAA attended various meetings with Orsted's Marine Affairs team since September 2025. The remaining allegations in the second sentence are vague as to the number of attended meetings being alleged and Federal Defendants deny those allegations on that basis. With respect to the fourth sentence, Federal Defendants admit that no agency raised national security concerns at the meetings attended by BOEM and BSEE. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence and deny them on that basis.

169.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and deny them on that basis.

170.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and deny them on that basis.

171.    The allegations in Paragraph 171 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

172.    The allegations in Paragraph 172 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

173.    The allegations in Paragraph 173 purport to characterize the August 2025 Stop Work Order and December 2025 Suspension Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the orders, they are denied.

174.    Federal Defendants deny the allegations in Paragraph 174.

175.    The allegations in Paragraph 175 purport to quote and characterize a press release, mitigation agreement, report from the Department of Energy, and the December 2025 Suspension Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced documentats, they are denied.

176.    The allegations in the first and second sentences of Paragraph 176 purport to characterize a declaration executed by Matthew Giacona, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced declaration, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 176.

177.    The allegations in Paragraph 177 purport to characterize statements by Secretary Burgum, each of which speaks for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

178.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 178. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 178 and deny them on that basis.

179.    The allegations in Paragraph 179 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 179 and deny them on that basis.

180.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and deny them on that basis.

181.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 181 and deny them on that basis.

182.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 182 and deny them on that basis.

183.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and deny them on that basis.

184.    Federal Defendants admit the allegations in Paragraph 184.

185.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and deny them on that basis.

186.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and deny them on that basis.

187.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and deny them on that basis.

188.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and deny them on that basis.

189.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and deny them on that basis.

190.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and deny them on that basis.

191.    Federal Defendants deny the allegations in Paragraph 191.

192.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 192 and deny them on that basis. The allegations in the second and third sentences of Paragraph 192 are vague and ambiguous as to what experts and information are being referenced and Federal Defendants deny the allegations on that basis.

193.    The allegations in Paragraph 193 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced filing, they are denied.

194.    The allegations in Paragraph 194 purport to characterize declarations filed in other cases, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced declarations, they are denied.

195.    Federal Defendants admit the allegations in the first sentence of Paragraph 195 describing the New England Independent System Operator (from the beginning of the sentence through "reliability"). The remaining allegations in Paragraph 195 purport to characterize statements by the New England Independent System Operator, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

196.    The allegations in Paragraph 196 purport to characterize Rhode Island and Connecticut state laws and a declaration, which speak for themselves and are the best evidence of

their contents. To the extent the allegations are inconsistent with the referenced laws and declaration, they are denied.

197.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 197 and deny them on that basis.

198.    The allegations in Paragraph 198 purport to characterize statements by the governors of Rhode Island and Connecticut and a statement by the Connecticut Department of Energy and Environmental Protection, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

199.    The allegations in Paragraph 199 purport to characterize a letter, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced letter, they are denied.

200.    The allegations in Paragraph 200 are vague and ambiguous as to the rents, fees, and taxes being referenced and Federal Defendants deny the allegations on that basis.

201.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 201 and deny them on that basis.

202.    The allegations in Paragraph 202 purport to quote and characterize a declaration, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced declaration, they are denied.

203.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 203 and deny them on that basis.

204.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 204 and deny them on that basis.

205.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 205 and deny them on that basis.

206.    Federal Defendants incorporate by reference their responses in the paragraphs above.

207.    The allegations in Paragraph 207 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

208.    The allegations in Paragraph 208 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

209.    The allegations in Paragraph 209 purport to characterize House and Senate Reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced reports, they are denied.

210.    The allegations in Paragraph 210 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

211.    Federal Defendants deny the allegations in Paragraph 211.

212.    Federal Defendants deny the allegations in Paragraph 212.

213.    Federal Defendants deny the allegations in the first sentence of Paragraph 213. The allegations in the second sentence of Paragraph 213 purport to characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied. The allegations in the third and fourth sentence of Paragraph 213 purport to characterize the ROD and other unspecified approvals, which

speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ROD, they are denied.

214.    Federal Defendants deny the allegations in Paragraph 214.

215.    The allegations in the first through fourth sentences of Paragraph 215 purport to characterize court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced filings, they are denied. With respect to the allegations in the fifth sentence of Paragraph 215, Federal Defendants admit they did not "withdraw[]" any statements or denials in *Green Oceans*, but deny that the referenced preliminary injunction proceedings are ongoing and deny that the First Amended Complaint in *Green Oceans* and Federal Defendants' answer thereto remain operative documents. Defendants deny the allegations in the sixth sentence of Paragraph 215.

216.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 216. The allegations in the third sentence of Paragraph 216 purport to characterize a court filing, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the reference filing, they are denied.

217.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and deny them on that basis.

218.    Federal Defendants deny the allegations in Paragraph 218.

219.    The allegations in the first through sixth sentences purport to characterize court decisions, the August 2025 Stop Work Order, the ROD, COP, court filings, and a mitigation agreement with DOW. Those documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are

denied. Federal Defendants deny the allegations in the seventh and eighth sentences of Paragraph 219.

220.    With respect to the second sentence of Paragraph 220, Federal Defendants admit that BOEM issued a ROD approving the COP for the Project following a review of environmental and safety issues that spanned multiple years. Federal Defendants deny the remaining allegations in Paragraph 220.

221.    Federal Defendants deny the allegations in Paragraph 221.

222.    Federal Defendants deny the allegations in the first sentence of Paragraph 222. The allegations in the second sentence of Paragraph 222 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

223.    Federal Defendants deny the allegations in the first sentence of Paragraph 223. The allegations in the second sentence of Paragraph 223 purport to characterize a press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced press release, they are denied.

224.    The allegations in the first half of Paragraph 224 purport to characterize Interior's permitting procedures, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced procedures, they are denied. Federal Defendants deny the remaining allegations in Paragraph 224.

225.    Federal Defendants deny the allegations in Paragraph 225.

226.    Federal Defendants deny the allegations in Paragraph 226.

227.    Federal Defendants incorporate by reference their responses in the paragraphs above.

228.    The allegations in Paragraph 228 purport to characterize the APA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the APA, they are denied.

229.    The allegations in Paragraph 229 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

230.    The allegations in Paragraph 230 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

231.    The allegations in Paragraph 231 purport to characterize House and Senate Reports, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced reports, they are denied.

232.    The allegations in Paragraph 232 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

233.    The allegations in Paragraph 233 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

234.    The allegations in Paragraph 234 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

235.    The allegations in Paragraph 235 purport to characterize OCSLA and a BOEM regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with OCSLA and the referenced regulation, they are denied.

236.    The allegations in Paragraph 236 purport to characterize OCSLA and BOEM's implementing regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with OCSLA and the referenced regulations, they are denied.

237.    Federal Defendants deny the allegations in Paragraph 237.

238.    Federal Defendants incorporate by reference their responses in the paragraphs above.

239.    The allegations in Paragraph 239 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

240.    Federal Defendants admit that BOEM is bound by its own regulations but deny any remaining allegations.

241.    The allegations in Paragraph 241 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

242.    The allegations in Paragraph 242 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

243.    The allegations in Paragraph 243 purport to characterize a BOEM regulation, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced regulation, they are denied.

244.    The allegations in Paragraph 244 purport to characterize regulations, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

245.    Federal Defendants deny the allegations in the first sentence of Paragraph 245. Federal Defendants admit the August 2025 Stop Work Order was not issued pursuant to 30 C.F.R. § 585.105. The remaining allegations in the second sentence of Paragraph 245 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied.

246.    Federal Defendants deny the allegations in Paragraph 246.

247.    Federal Defendants incorporate by reference their responses in the paragraphs above.

248.    The allegations in Paragraph 248 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

249.    Federal Defendants deny the allegations in Paragraph 249.

250.    The allegations in Paragraph 250 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied.

251.    The allegations in Paragraph 251 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

252.    The allegations in Paragraph 252 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

253.    Federal Defendants admit the First Stop Work Order required Revolution Wind to halt "all ongoing activities related to the Revolution Wind Project on the outer continental shelf." Federal Defendants deny any remaining allegations in Paragraph 253.

254.    Federal Defendants admit BOEM did not provide Revolution Wind with notice or a hearing before issuing the August 2025 Suspension Order. Federal Defendants deny the remaining allegations in Paragraph 254.

255.    Federal Defendants incorporate by reference their responses in the paragraphs above.

256.    The allegations in Paragraph 256 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

257.    The allegations in the first and second sentences of Paragraph 257 purport to characterize Supreme Court opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 257.

258.    Federal Defendants deny the allegations in Paragraph 258.

259.    Federal Defendants deny the allegations in the first sentence of Paragraph 259. The remaining allegations in Paragraph 259 purport to characterize the December 2025 Suspension Order and orders issued to other projects, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced orders, they are denied.

260.    The allegations in the first sentence of Paragraph 260 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied. The allegations in the second sentence of Paragraph 260 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit the BOEM was required to comply with the APA in issuing the December 2025 Suspension Order but deny any violation of law.

261.    Federal Defendants deny the allegations in Paragraph 261.

262.    Federal Defendants deny the allegations in Paragraph 262.

263.    Federal Defendants deny the allegations in the first sentence of Paragraph 263. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 263 and deny them on that basis.

264.    The allegations in the second sentence of Paragraph 264 purport to characterize statements by the Secretary, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 264.

265.    The allegations in the first and second sentences of Paragraph 265 purport to characterize the Secretary's statements, which speak for themselves and are the best evidence of

their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 265.

266.    Federal Defendants deny the allegations in Paragraph 266.

267.    The allegations in the first, second, and third sentences of Paragraph 267 purport to characterize the August 2025 Stop Work Order, December 2025 Suspension Order, and statements by officials at the Department of the Interior.  To the extent the allegations are inconsistent with the orders and referenced statements, they are denied.  Federal Defendants deny the allegations in the fourth sentence of Paragraph 267.

268.    The allegations in first and second sentences of Paragraph 268 purport to characterize the December 2025 Suspension Order; the allegations in the third sentence of Paragraph 268 purport to characterize a DOD agreement; and the allegations in the fifth sentence of Paragraph 268 purport to characterize Revolution Wind's lease. These documents speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the referenced documents, they are denied. Federal Defendants admit the allegations in the fourth sentence of Paragraph 268. With respect to the sixth sentence of Paragraph 268, Federal Defendants admit they did not provide Revolution Wind with notice before issuing the August 2025 Suspension Order. The remaining allegations in the sixth sentence of Paragraph 268 are vague and ambiguous as to the mechanisms, communications, and coordination being referenced and Federal Defendants deny the allegations on that basis.

269.    Federal Defendants deny the allegations in Paragraph 269.

270.    The allegations in the first and second sentences of Paragraph 270 purport to characterize a Supreme Court opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

The allegations in the fourth sentence of Paragraph 270 in part purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the order, they are denied. Federal Defendants deny the remaining allegations in Paragraph 270.

271.    The allegations in Paragraph 271 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the ROD, they are denied.

272.    The allegations in the first sentence of Paragraph 272 purport to characterize the COP and its supporting administrative record, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the COP, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 272.

273.    Federal Defendants deny the allegations in the first sentence of Paragraph 273. The remaining allegations in Paragraph 273 purport to characterize the December 2025 Suspension Order and court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

274.    Federal Defendants deny the allegations in Paragraph 274.

275.    The allegations in the first and third sentences of Paragraph 275 purport to characterize the December 2025 Suspension Order and court decisions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 275.

276.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 276 and deny them on that basis.

277.    Federal Defendants deny the allegations in Paragraph 277.

278.    Federal Defendants deny the allegations in Paragraph 278.

279.    The allegations in the first and second sentences of Paragraph 279 purport to characterize the Second Stop Work Order, Secretary Burgum's interview statements, a Press Release, and the DOD mitigation agreement, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents or statements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 279.

280.    Federal Defendants deny the allegations in Paragraph 280.

281.    Federal Defendants deny the allegations in Paragraph 281.

282.    Federal Defendants incorporate by reference their responses in the paragraphs above.

283.    The allegations in Paragraph 283 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

284.    The allegations in Paragraph 284 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

285.    The allegations in the first sentence of Paragraph 285 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied. The allegations in the second sentence of Paragraph 285 are legal conclusions, to which no response is required.

286.    The allegations in the first sentence of Paragraph 286 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations

are inconsistent with the APA, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 286.

287.    Federal Defendants deny the allegations in Paragraph 287.

288.    Federal Defendants deny the allegations in Paragraph 288.

289.    Federal Defendants deny the allegations in Paragraph 289.

290.    Federal Defendants incorporate by reference their responses in the paragraphs above.

291.    The allegations in Paragraph 291 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

292.    The allegations in the first sentence of Paragraph 292 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied. The allegations in the second sentence of Paragraph 292 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

293.    The allegations in Paragraph 293 purport to characterize the December 2025 Suspension Order and a regulation, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Order and regulation, they are denied.

294.    The allegations in Paragraph 294 purport to characterize the December 2025 Suspension Order and OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Order and OCSLA, they are denied.

295.    The allegations in Paragraph 295 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

296.    The allegations in Paragraph 299 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

297.    The allegations in Paragraph 297 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

298.    The allegations in Paragraph 298 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with that opinion, they are denied.

299.    The allegations in Paragraph 299 in part purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied. Federal Defendants deny any remaining allegations in Paragraph 299.

300.    The allegations in Paragraph 300 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

301.    Federal Defendants deny the allegations in Paragraph 301.

302.    The allegations in the first sentence of Paragraph 302 are legal conclusions to which no response is required. With respect to the second sentence of Paragraph 302, Federal Defendants admit that notice was not provided to Revolution Wind prior to issuance of the December 2025

Suspension Order. Federal Defendants deny any remaining allegations in the second sentence of Paragraph 302.

303.    The allegations in Paragraph 303 purport to characterize OCSLA, the lease, and the December 2025 Stop Work Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

304.    Federal Defendants deny the allegations in Paragraph 304.

305.    Federal Defendants incorporate by reference their responses in the paragraphs above.

306.    The allegations in Paragraph 306 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

307.    Federal Defendants deny the allegations in Paragraph 307.

308.    The allegations in Paragraph 308 purport to characterize the Fifth Amendment, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the Fifth Amendment, they are denied.

309.    The allegations in Paragraph 309 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

310.    Federal Defendants deny the allegations in the first and third sentences of Paragraph 310. The second sentence of Paragraph 310 is a legal conclusion to which no response is required.

311.    The allegations in Paragraph 311 purport to characterize the December 2025 Suspension Order and a judicial opinion, which speak for themselves and are the best evidence of

their contents. To the extent the allegations are inconsistent with the Order or referenced opinion, they are denied.

312.    The allegations in the third sentence of Paragraph 312 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied. The remaining allegations in Paragraph 312 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

313.    Federal Defendants deny the allegations in the first and third sentences of Paragraph 313. The allegations in the second sentence of Paragraph 313 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

314.    The allegations in the fourth sentence of Paragraph 314 are vague and ambiguous as to the issues being referenced and Federal Defendants deny the allegations on that basis. With respect to the last sentence of Paragraph 314, Federal Defendants admit that BOEM did not coordinate with Revolution Wind in advance of the December 22, 2025 order. Federal Defendants deny the remaining allegations in Paragraph 314.

315.    Federal Defendants deny the allegations in Paragraph 315.

316.    Federal Defendants admit that the December 2025 Suspension Order was issued on December 22, 2025, and that there was a federal holiday that week. Federal Defendants deny the remaining allegations in Paragraph 316.

317.    Federal Defendants admit that Revolution Wind was not given notice or a hearing prior to issuance of the December 2025 Suspension Order. Federal Defendants deny the remaining allegations in Paragraph 317.

The remainder of Plaintiff's Supplemental Complaint constitutes their prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

Dated: February 20, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

*s/ Amanda K. Rudat*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMANDA K. RUDAT
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-1937 (Swanson)
Telephone: (202) 532-3201 (Rudat)
kristofor.swanson@usdoj.gov
amanda.rudat@usdoj.gov

*Attorneys for Federal Defendants*