# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF RHODE ISLAND, et al., | |
| *Plaintiffs,* | |
| *v.* | Case No. 1:25-cv-4328 |
| DOUGLAS BURGUM, in his official capacity as Secretary of the Interior, et al., | Hon. Royce C. Lamberth |
| *Federal Defendants.* | |

## <u>FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' SUPPLEMENTAL COMPLAINT</u>

Defendants U.S. Department of the Interior, Douglas Burgum in his official capacity as Secretary of the Interior; Bureau of Ocean Energy Management ("BOEM"), Matthew Giacona in his official capacity as Acting Director of BOEM, Bureau of Safety and Environmental Enforcement ("BSEE"), and Kenneth Stevens in his official capacity as Principal Deputy Director Exercising the Delegated Authorities of the Director of BSEE (collectively, "Federal Defendants") hereby answer the State Plaintiffs' Supplemental Complaint (Case No. 1:25-cv-4328, Dkt. No. 51-1). The responses below correspond to the numbered paragraphs in Plaintiffs' Supplemental Complaint. Federal Defendants deny any allegations not otherwise admitted, denied, or qualified herein.

1.    The allegations in Paragraph 1 constitute Plaintiffs' characterization of the case, to which no response is required. Federal Defendants deny any violation of law.

2.    Federal Defendants deny the allegations in the first sentence of Paragraph 2. Federal Defendants admit that the project is under construction and has received certain federal authorizations, but deny any remaining allegations in the second and third sentences of Paragraph

2. Federal Defendants admit that the Revolution Wind project is approximately 15 miles from mainland Rhode Island with planned nameplate capacity of 704 megawatts, but deny the remaining allegations in the fourth sentence of Paragraph 2. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations in the fifth sentence of Paragraph 2 and deny them on that basis.

3. Federal Defendants admit that Revolution Wind's planned nameplate capacity is 704 megawatts, that at the time of Construction and Operations Plan ("COP") approval the lessee held multiple power purchase agreements, and that Revolution Wind's export cable will make landfall in North Kingstown, Rhode Island. The allegations regarding the power purchase agreements purport to characterize those agreements, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced agreements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 3.

4. Federal Defendants admit that BOEM issued a Final Environmental Impact Statement ("EIS") for the project that, including appendices, was over 2,800 pages and that BOEM issued a joint Record of Decision ("ROD") with two other agencies.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 4 and deny them on that basis. The allegations in the second sentence of Paragraph 4 are vague and ambiguous regarding the contracts, mandates, and needs at issue and Federal Defendants deny them on that basis.

5. The allegations in the first sentence of Paragraph 5 purport to characterize the August 2025 Stop Work Order and the docket of a case in this court, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced order and docket, they are denied.

6.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 6.  Federal Defendants admit that 45 of 65 WTGs were installed, 34 of 65 wind turbine sites had array cables installed, the utility export cable had 84 of 85 miles installed, and one substation had been installed.

7.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8.      Federal Defendants deny the allegations in the first sentence of Paragraph 8. The remaining allegations in Paragraph 8 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

9.      The allegations in Paragraph 9 purport to characterize two statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statutes, they are denied. Federal Defendants deny any violation of law.

10.      The allegations in Paragraph 10 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

11.      Federal Defendants deny the allegations in Paragraph 11.

12.      Federal Defendants deny the allegations in Paragraph 12.

13.      Federal Defendants deny the allegations in the first sentence of Paragraph 13. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence and deny them on that basis.

14.     Federal Defendants deny the allegations in the first sentence of Paragraph 14. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and deny them on that basis.

15.     Federal Defendants deny the allegations in Paragraph 15 and deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

16.     Federal Defendants admit the allegations in the first sentence of Paragraph 16. Federal Defendants admit that 58 out of 65 wind turbine generators were installed and that cable installation was substantially complete when the December 2025 Suspension Order was issued. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and deny them on that basis.

17.     The allegations in Paragraph 17 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the referenced order, they are denied.

18.     Federal Defendants deny the allegations in Paragraph 18.

19.     Federal Defendants deny the allegations in Paragraph 19.

20.     Federal Defendants deny the allegations in Paragraph 20.

21.     Federal Defendants deny the allegations in Paragraph 21.

22.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.     The allegations in Paragraph 27 constitute Plaintiffs' characterization of the case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

28.     Federal Defendants admit the allegations in paragraph 28.

29.     Federal Defendants admit the allegations in paragraph 29.

30.     Federal Defendants admit that Katherine Dykes is the Commissioner of the Department of Energy and Environmental Protection of the State of Connecticut and is an executive agent of the State of Connecticut. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and deny them on that basis.

31.     Federal Defendants admit the allegations in the first sentence of Paragraph 31. The remaining allegations in Paragraph 31 purport to characterize provisions in the United States Code, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 31 are inconsistent with the referenced provisions, they are denied.

32.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 32. The remaining allegations in Paragraph 32 purport to characterize the United States Code, which speaks for itself and is the best evidence of its contents. To the extent the allegations in Paragraph 32 are inconsistent with the referenced provisions, they are denied.

33.    Federal Defendants admit that BOEM is a Bureau within the Department of the Interior. The remaining allegations in Paragraph 33 purport to characterize a Secretarial Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

34.    Federal Defendants admit the allegations in Paragraph 34.

35.    Federal Defendants admit that BSEE is a Bureau within the Department of the Interior. The remaining allegations in Paragraph 35 purport to characterize a Secretarial Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

36.    Federal Defendants admit the allegations in the first and second sentences of Paragraph 36.  Federal Defendants deny the allegations in the third sentence of Paragraph 36.

37.    The allegations in Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit that the court has subject matter jurisdiction but deny any remaining allegations.

38.    The allegations in Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, Federal Defendants admit that venue is proper in this District.

39.    The allegations in Paragraph 39 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

40.    The allegations in Paragraph 40 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

41.     The allegations in Paragraph 41 purport to characterize BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 41 are inconsistent with the referenced regulations, they are denied.

42.     The allegations in Paragraph 42 purport to characterize BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

43.     The allegations in Paragraph 43 purport to characterize BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

44.     The allegations in Paragraph 44 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

45.     The allegations in Paragraph 45 purport to characterize BOEM's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

46.     The allegations in Paragraph 46 purport to characterize BSEE's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

47.     The allegations in Paragraph 47 purport to characterize BSEE's regulations under OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations, they are denied.

48.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

49.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 49 and deny them on that basis. The remaining allegations in Paragraph 49 purport to characterize Connecticut's Renewable Portfolio Standard and two Connecticut Public Acts, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

50.     The allegations in Paragraph 50 purport to characterize a planning document from the Connecticut Department of Energy and Environmental Protection, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied.

51.     The allegations in Paragraph 51 purport to characterize Connecticut Public Acts or codified statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 51 are inconsistent with the referenced statutes, they are denied.

52.     Federal Defendants admit that at the time of approval the project had been expected to reach commercial operation by 2026 and that it was expected to deliver electricity to Connecticut. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences and remaining allegations in the fourth sentence of Paragraph 52 and deny them on that basis.  The allegations in the third sentence of Paragraph 52 purport to characterize approvals or contracts by Connecticut state agencies, which speak for themselves and are the best evidence of their contents. To the extent those allegations are inconsistent with the referenced actions, they are denied.

53.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53 and deny them on that basis.

The remaining allegations in Paragraph 53 purport to characterize Connecticut laws, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statutes, they are denied.

54.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 54 and deny them on that basis. The remaining allegations in Paragraph 54 purport to characterize a request for proposals, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced request, they are denied.

55.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 56 and deny them on that basis. The remaining allegations in Paragraph 56 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

57.     The allegations in Paragraph 57 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

58.     The allegations in Paragraph 58 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

59.     The allegations in Paragraph 59 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

60.     The allegations in Paragraph 60 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

61.     The allegations in Paragraph 61 purport to characterize a Rhode Island statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied.

62.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and deny them on that basis.

63.     The allegations in Paragraph 63 purport to characterize agreements with Rhode Island state agencies, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced actions, they are denied.

64.     The allegations in Paragraph 64 purport to characterize agreements with Rhode Island state agencies, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced actions, they are denied.

65.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and deny them on that basis.

66.     The allegations in Paragraph 66 purport to characterize approvals by Rhode Island state agencies, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced actions, they are denied.

67.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and deny them on that basis.

68.     Federal Defendants admit the allegations in the first, second, and third sentence of Paragraph 68. With respect to the fourth sentence of Paragraph 68, Federal Defendants admit that the lease auction followed BOEM's environmental review and environmental assessment, including consultation with DOW. BOEM denies any remaining allegations in the fourth sentence of Paragraph 68. The allegations in the fifth sentence of Paragraph 68 purport to characterize meeting materials, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced materials, they are denied. The allegations in the sixth sentence of Paragraph 68 purport to characterize a lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced lease, they are denied.

69.     The allegations in Paragraph 69 purport to characterize the Deepwater Wind lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced lease, they are denied.

70.     Federal Defendants admit the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 purport to characterize an Orsted announcement on its website, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced announcement, they are denied.

72.     The allegations in Paragraph 72 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied.

73.    Federal Defendants deny the allegations in Paragraph 73 and aver that Revolution Wind submitted its initial COP for the Revolution Wind Farm in 2020.

74.    Federal Defendants admit the allegations in the first sentence of Paragraph 74. The remaining allegations in Paragraph 74 purport to characterize the Revolution Wind Farm and Revolution Wind Export Cable Project Final EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

75.    Federal Defendants admit the allegations in the first sentence of Paragraph 75. The allegations in the second and third sentences of Paragraph 75 purport to characterize the National Environmental Policy Act ("NEPA") process for the Revolution Wind Farm and Revolution Wind Export Cable Project Draft EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced NEPA process, they are denied.

76.    Federal Defendants admit the allegations in the first sentence of Paragraph 76. The remaining allegations in Paragraph 76 purport to characterize the Revolution Wind Farm and Revolution Wind Export Cable Project Final EIS, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced Final EIS, they are denied.

77.    Federal Defendants admit that BOEM issued the joint ROD prepared for the Revolution Wind Farm and Revolution Wind Export Cable Project FEIS in August 2023. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 77. The allegations in the second and third sentences of Paragraph 77 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied. Federal Defendants aver that Interior

is in the process of undertaking a review of the Revolution Wind lease and COP approval, and re-evaluating the decision to approve the COP consistent with the interpretation of the OCSLA 8(p)(4) in M-37086 and the reinstated M-37059.

78.    The allegations in Paragraph 78 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied. Federal Defendants aver that Interior is in the process of undertaking a review of the Revolution Wind lease and COP approval, and re-evaluating the decision to approve the COP consistent with the interpretation of the OCSLA 8(p)(4)in M-37086 and the reinstated M-37059.

79.    The allegations in Paragraph 79 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied.

80.    The allegations in Paragraph 80 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied.

81.    The allegations in Paragraph 81 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied.

82.    The allegations in Paragraph 82 purport to characterize the Revolution Wind ROD, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced ROD, they are denied.

83.    Federal Defendants admit that BOEM approved the Revolution Wind Farm COP in 2023. The remaining allegations in Paragraph 83 purport to characterize a letter from Karen Baker,

BOEM, to Peter Allen, Revolution Wind LLC, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced letter, they are denied.

84.    The allegations in Paragraph 84 are vague and ambiguous as to the permits and licenses being referenced and Federal Defendants deny the allegations on that basis.

85.    The allegations in Paragraph 85 purport to characterize and quote a Rhode Island Coastal Resources Management Council ("CRMC") Decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied.

86.    Federal Defendants admit that Rhode Island's CRMC issued a concurrence for the Revolution Wind Project in May 2023. The remaining allegations in Paragraph 86 purport to characterize the Rhode Island Concurrence, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced concurrence, they are denied.

87.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and deny them on that basis.

88.    The allegations in the first sentence of Paragraph 88 purport to characterize a Rhode Island state law, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced state law, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88 and deny them on that basis.

89.    The allegations in Paragraph 89 are vague and ambiguous as to the permit being referenced, and Federal Defendants deny the allegations on that basis.

90.     The allegations in Paragraph 90 are vague and ambiguous as to the state and federal regulatory approval processes being referenced and Federal Defendants deny the allegations on that basis.

91.     Federal Defendants admit that onshore construction began in 2023. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 and deny them on that basis.

92.     Federal Defendants admit the allegations in Paragraph 92.

93.     Federal Defendants admit the allegations in Paragraph 93.

94.     Federal Defendants admit the allegations in Paragraph 94.

95.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and deny them on that basis.

96.     To the extent this is a continuation of the previous paragraph, Federal Defendants' answer from Paragraph 95 continues here.

97.     Federal Defendants admit the allegations in Paragraph 97.

98.     Federal Defendants admit the allegations in Paragraph 98.

99.     Federal Defendants admit that Revolution Wind was scheduled to reach commercial operation in 2026. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 and deny them on that basis.

100.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 100 and deny them on that basis. Federal Defendants admit that 58 of 65 WTGs have been installed and that all array and export cables have been installed.

101.    Federal Defendants admit the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 purport to characterize the Presidential Memorandum titled Temporary Withdrawal of All Areas on the Outer Continental Shelf from Offshore Wind Leasing and Review of the Federal Government's Leasing and Permitting Practices for Wind Projects, 90 Fed. Reg. 8363 (Jan. 29, 2025) ("Wind Memo"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced memo, they are denied.

103.    The allegations in Paragraph 103 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced memo, they are denied.

104.    The allegations in Paragraph 104 purport to characterize the Wind Memo, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced memo, they are denied.

105.    The allegations in Paragraph 105 purport to characterize a judicial decision, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced decision, they are denied.

106.    Federal Defendants deny the allegations in the first sentence of Paragraph 106 and aver that BOEM's Acting Director Matthew Giacona issued a Director's Order to Revolution Wind, LLC on August 22, 2025. The allegations in the second sentence of Paragraph 106 purport to characterize the August 22, 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

107.    The allegations in Paragraph 107 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

108.    The allegations in Paragraph 108 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

109.    Federal Defendants admit that, to the best of their knowledge, Revolution Wind complied with the August 2025 Stop Work Order.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 and deny them on that basis.

110.    The allegations in Paragraph 110 purport to characterize a court order and related hearing transcript, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced order or transcript, they are denied.

111.    Federal Defendants deny the allegations in the first three sentences of Paragraph 111. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 111 and deny them on that basis.

112.    Federal Defendants deny the allegations in the first sentence of Paragraph 106 and aver that BOEM's Acting Director Matthew Giacona issued a Director's Order to Revolution Wind, LLC on December 22, 2025. The remaining allegations in Paragraph 112 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced order, they are denied.

113.    The allegations in Paragraph 113 purport to characterize the December 2025 Suspension Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

114.    Federal Defendants deny the allegations in Paragraph 114.

115.    The allegations in Paragraph 115 purport to quote and characterize a press release, mitigation agreement, report from the Department of Energy, and the December 2025 Suspension Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

116.    The allegations in the first and second sentences of Paragraph 116 purport to characterize a declaration executed by Matthew Giacona, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced declaration, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 116.

117.    The allegations in Paragraph 117 purport to characterize statements by Secretary Burgum, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied.

118.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 118. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 118 and deny them on that basis.

119.    Federal Defendants deny the allegations in the first and fifth sentences of Paragraph 119. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 and deny them on that basis.

120.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 120 and deny them on that basis.

121.    The allegations in Paragraph 121 purport to characterize Executive Order 14156, Declaring a National Energy Emergency, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced executive order, they are denied.

122.    The allegations in Paragraph 122 purport to characterize a Department of the Interior press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced press release, they are denied.

123.    The allegations in Paragraph 123 purport to characterize a U.S. Government Accountability Office report, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced report, they are denied.

124.    The allegations in Paragraph 124 purport to characterize an Executive Order and a Secretarial Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced orders, they are denied.

125.    The allegations in Paragraph 130 purport to characterize the dockets of cases in this court and court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced dockets and filings, they are denied.

126.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and deny them on that basis.

127.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 127 and deny them on that basis.

128.    The allegations in Paragraph 128 purport to characterize a statement from ISO-New England (ISO-NE), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statement, they are denied.

129.    The allegations in Paragraph 129 purport to characterize a statement by ISO-NE, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statement, they are denied.

130.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 130 and deny them on that basis.

131.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 131 and deny them on that basis.

132.    Federal Defendants admit that South Fork Wind is the first commercial-scale offshore wind farm on the U.S. Outer Continental Shelf. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 and deny them on that basis.

133.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 133 and deny them on that basis.

134.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 134 and deny them on that basis.

135.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 135 and deny them on that basis.

136.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 136 and deny them on that basis.

137.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 137 and deny them on that basis.

138.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 138 and deny them on that basis.

139.    Federal Defendants admit that, when approved, the Revolution Wind project had planned to enter commercial service in 2026. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 and deny them on that basis.

140.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 140 and deny them on that basis.

141.    Federal Defendants admit that the Connecticut State Pier Terminal is a marshaling facility on the East Coast used for assembling offshore wind turbines for deployment and that it has open ocean access. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 and deny them on that basis.

142.    Federal Defendants admit that State Pier Terminal is being used to support construction of Revolution Wind. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142 and deny them on that basis.

143.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 143 and deny them on that basis.

144.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 144 and deny them on that basis.

145.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 145 and deny them on that basis.

146.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 146 and deny them on that basis.

147.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 147 and deny them on that basis.

148.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 148 and deny them on that basis.

149.    The allegations in Paragraph 149 purport to characterize a statement by ISO-NE, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statement, they are denied.

150.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and deny them on that basis.

151.    Federal Defendants admit that in 2019, the Rhode Island Public Utilities Commission approved a power purchase agreement between DWW Rev 1, LLC and the Narragansett Electric Company d/b/a National Grid. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151 and deny them on that basis.

152.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 152 and deny them on that basis.

153.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 153 and deny them on that basis.

154.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 154 and deny them on that basis. The allegations in the second sentence of Paragraph 154 purport to characterize an Orsted press release, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced press release, they are denied.

155.    Federal Defendants deny the allegations in Paragraph 155.

156.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 156 and deny them on that basis.

157.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 157 and deny them on that basis.

158.    The allegations in the first sentence of Paragraph 158 purport to characterize a Connecticut statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced statute, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158 and deny them on that basis.

159.    The allegations in the second sentence of Paragraph 159 purport to characterize a Connecticut statute, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the statute, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 and deny them on that basis.

160.    The allegations in the first sentence of Paragraph 160 purport to characterize a Connecticut statute and the Integrated Resources Plan, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced

documents, they are denied. Federal Defendants admit the allegations in the second sentence of Paragraph 160. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 160 and deny them on that basis.

161.    Federal Defendants lack knowledge and information sufficient to form a belief as to their truth of the allegations in Paragraph 161 and deny them on that basis.

162.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 162 and deny them on that basis.

163.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 163 and deny them on that basis.

164.    Federal Defendants lack knowledge and information sufficient to form a belief as to their truth of the allegations in Paragraph 164 and deny them on that basis.

165.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 165 and deny them on that basis.

166.    The allegations in the first sentence of Paragraph 166 purport to characterize Rhode Island's 2022 Climate Update, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced document, they are denied. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 166 and deny them on that basis.

167.    Federal Defendants incorporate by reference their responses in the paragraphs above.

168.    Federal Defendants admit Douglas Burgum is the Secretary of the Department of the Interior and that Matthew Giancona is the Acting Director of BOEM. Federal Defendants deny the remaining allegations in Paragraph 168.

169.    Federal Defendants admit the BOEM Acting Director issued an Order to Revolution Wind on August 22, 2025. The remaining allegations in the first sentence of Paragraph 169 purport to characterize that order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied. The remaining allegations in Paragraph 169 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the August 2025 Stop Work Order is a final agency action, but deny any remaining allegations.

170.    The allegations in Paragraph 170 are legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that the August 2025 Stop Work Order is a final agency action, but deny any remaining allegations.

171.    The allegations in Paragraph 171 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the August 2025 Stop Work Order is a final agency action, but deny any remaining allegations.

172.    The allegations in Paragraph 172 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

173.    The allegations in Paragraph 173 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied.

174.    The allegations in Paragraph 174 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

175.    The allegations in Paragraph 175 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied.

176.    The allegations in Paragraph 176 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

177.    Federal Defendants deny the allegations in Paragraph 177.

178.    Federal Defendants deny the allegations in the first sentence of Paragraph 178. The remaining allegations in Paragraph 178 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied.

179.    The allegations in the second, third, and fourth sentences of Paragraph 179 purport to characterize the August 2025 Stop Work Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced order, they are denied. Federal Defendants deny the remaining allegations in Paragraph 179.

180.    Federal Defendants admit that the federal approvals associated with the project underwent an environmental review, including a Final EIS, and that each federal agency undertaking an action has an administrative record of that action. Federal Defendants deny the remaining allegations in Paragraph 180.

181.    The allegations in the third and fourth sentences of Paragraph 181 purport to characterize a Government Accountability Office report and an executive order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent

with the referenced documents, they are denied. Federal Defendants deny the remaining allegations in Paragraph 181.

182.    Federal Defendants deny the allegations in the first sentence of Paragraph 182. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 182 and deny them on that basis.

183.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 183 and deny them on that basis.

184.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 184 and deny them on that basis.

185.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and deny them on that basis.

186.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and deny them on that basis.

187.    Federal Defendants deny the allegations in Paragraph 187.

188.    Federal Defendants deny the allegations in Paragraph 188.

189.    Federal Defendants deny the allegations in Paragraph 189.

190.    Federal Defendants incorporate their responses to the preceding paragraphs.

191.    The allegations in Paragraph 191 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

192.    The allegations in Paragraph 192 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

193.    The allegations in Paragraph 193 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the August 2025 Stop Work Order is a final agency action but deny any remaining allegations.

194.    Federal Defendants deny allegations in Paragraph 194.

195.    The allegations in Paragraph 195 purport to quote and characterize OCSLA and the August 2025 Stop Work Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with either OCSLA or the referenced order, they are denied.

196.    The allegations in Paragraph 196 purport to characterize a regulation and the August 2025 Stop Work Order, each of which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulations or the referenced order, they are denied.

197.    Federal Defendants admit that neither the August 2025 Stop Work Order or December 2025 Suspension Order was based on any conclusion that Orsted had violated a provision of its lease.

198.    The allegations in Paragraph 198 purport to characterize regulations and the August 2025 Stop Work Order, each of which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the regulations or the referenced order, they are denied.

199.    Federal Defendants deny that Interior lacked authority for the August 2025 Stop Work Order. The remaining allegations in Paragraph 199 purport to characterize OCSLA, regulations, the August 2025 Stop Work Order, and the ROD, each of which speaks for itself and

is the best evidence of its contents. To extent the allegations are inconsistent with the referenced statute, regulations, or documents, they are denied.

200.    Federal Defendants deny the allegations in Paragraph 200.

201.    Federal Defendants deny the allegations in Paragraph 201.

202.    Federal Defendants deny the allegations in Paragraph 202.

203.    Federal Defendants deny the allegations in Paragraph 203.

204.    Federal Defendants incorporate their responses to the preceding paragraphs.

205.    The allegations in Paragraph 205 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

206.    The allegations in Paragraph 206 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

207.    The allegations in Paragraph 207 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

208.    Federal Defendants deny the allegations in Paragraph 208.

209.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 209 and deny them on that basis.

210.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and deny them on that basis.

211.    Federal Defendants lack knowledge and information sufficient to form a belief as to their truth of the allegations in Paragraph 211 and deny them on that basis.

212.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and deny them on that basis.

213.    Federal Defendants deny the allegations in Paragraph 213.

214.    Federal Defendants deny the allegations in Paragraph 214.

215.    Federal Defendants deny the allegations in Paragraph 215.

216.    Federal Defendants deny the allegations in Paragraph 216.

217.    Federal Defendants incorporate by reference their responses in the paragraphs above.

218.    Federal Defendants admit the BOEM Acting Director issued an Order to Revolution Wind on December 22, 2025. The remaining allegations in the first sentence of Paragraph 218 purport to characterize that order, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the referenced order, they are denied. The remaining allegations in Paragraph 218 are legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that the December 2025 Suspension Order is a final agency action, but deny any remaining allegations.

219.    The allegations in Paragraph 219 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the December 2025 Suspension Order is a final agency action, but deny any remaining allegations.

220.    The allegations in Paragraph 220 are legal conclusions, to which no response is required.  To the extent a response is required, Federal Defendants admit that the December 2025 Suspension Order is a final agency action, but deny any remaining allegations.

221.    The allegations in Paragraph 221 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

222.    The allegations in Paragraph 222 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied.

223.    The allegations in Paragraph 223 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

224.    The allegations in Paragraph 224 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced opinions, they are denied.

225.    The allegations in Paragraph 225 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion, they are denied.

226.    Federal Defendants deny the allegations in Paragraph 226.

227.    Federal Defendants deny the allegations in the first sentence of Paragraph 227. The remaining allegations in Paragraph 227 purport to characterize the December 2025 Suspension Order and orders issued to other project developers, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced orders, they are denied.

228.    The allegations in the first sentence of Paragraph 228 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the

allegations are inconsistent with the referenced opinion, they are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 228.

229.    Federal Defendants deny the allegations in Paragraph 229.

230.    Federal Defendants deny the allegations in Paragraph 230.

231.    Federal Defendants deny the allegations in the first sentence of Paragraph 231. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 231 and deny them on that basis.

232.    The allegations in the second sentence of Paragraph 232 purport to characterize statements by the Secretary, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 232.

233.    The allegations in the first and second sentences of Paragraph 233 purport to characterize the December 2025 Suspension Order and the Secretary's statements, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced order and statements, they are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 233.

234.    Federal Defendants deny the allegations in Paragraph 234.

235.    Federal Defendants deny the allegations in Paragraph 235.

236.    The allegations in the first, second, and third sentences of Paragraph 236 purport to characterize the August 2025 Stop Work Order, December 2025 Suspension Order, and statements by officials at the Department of the Interior, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced orders and

statements, they are denied. Federal Defendants deny the allegations in the fourth sentence of Paragraph 236.

237.    The allegations in first and second sentences of Paragraph 237 purport to characterize the December 2025 Suspension Order; the allegation in the third sentence of Paragraph 237 purports to characterize a DOD agreement; and the allegations in the fifth sentence of Paragraph 237 purport to characterize Revolution Wind's lease. These documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied. Federal Defendants admit the allegations in the fourth sentence of Paragraph 237. With respect to the sixth sentences of Paragraph 237, Federal Defendants admit they did not provide Revolution Wind with notice before issuing the August 2025 Suspension Order. The remaining allegations in the sixth sentence of Paragraph 268 are vague and ambiguous as to the mechanisms, communications, and coordination being referenced and Federal Defendants deny the allegations on that basis.

238.    Federal Defendants deny the allegations in Paragraph 238.

239.    With respect to the third sentence of Paragraph 239, Federal Defendants admit that BOEM's review of the Revolution Project spanned nine years. The allegation regarding "other government agencies" is vague and ambiguous as to the agencies being referenced, and Federal Defendants deny the allegation on that basis. The remaining allegations in the third sentence of Paragraph 239 purport to characterize the ROD and Final EIS, which speak for themselves and are the best evidence of their contents which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the ROD and Final EIS, they are denied. Federal Defendants deny the remaining allegations in Paragraph 239.

240.    Federal Defendants deny the allegations in the first sentence of Paragraph 240. The remaining allegations in Paragraph 240 purport to characterize the December 2025 Suspension Order and court filings, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents, they are denied.

241.    Federal Defendants deny the allegations in Paragraph 241.

242.    Federal Defendants deny the allegations in the first sentence of Paragraph 242 and the allegation in the second sentence of Paragraph 242 that Federal Defendants did not consider reliance interests. Federal Defendants lack knowledge and information sufficient to form a belief as to their truth of the remaining allegations in Paragraph 242 and deny them on that basis.

243.    Federal Defendants deny the allegations in the first sentence of Paragraph 243.  The allegations in the second sentence of Paragraph 243 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

244.    The allegations in the first and second sentences of Paragraph 244 purport to characterize the December 2025 Suspension Order, Secretary Burgum's interview statements, a press release, and the DOD mitigation agreement, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced documents or statements, they are denied. Federal Defendants deny the remaining allegations in Paragraph 244.

245.    Federal Defendants deny the allegations in Paragraph 245.

246.    Federal Defendants deny the allegations in Paragraph 246.

247.    Federal Defendants deny the allegations in Paragraph 247.

248.    Federal Defendants incorporate their responses to the preceding paragraphs.

249.    The allegations in Paragraph 249 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the APA, they are denied.

250.    The allegations in Paragraph 250 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the referenced opinion, they are denied.

251.    The allegations in Paragraph 251 are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants admit that the December 2025 Suspension Order is a final agency action but deny any remaining allegations.

252.    Federal Defendants deny allegations in Paragraph 252.

253.    The allegations in Paragraph 253 purport to characterize OCSLA and the December 2025 Suspension Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with either the statute or referenced order, they are denied.

254.    The allegations in Paragraph 254 purport to characterize regulations and the December 2025 Suspension Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced regulations or order, they are denied.

255.    The allegations in Paragraph 255 purport to the December 2025 Suspension Order and OCSLA, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with either the statute or referenced order, they are denied.

256. The allegations in Paragraph 256 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

257. The allegations in Paragraph 257 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

258. The allegations in Paragraph 258 purport to characterize OCSLA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with OCSLA, they are denied.

259. The allegations in Paragraph 259 purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that opinion, they are denied.

260. The allegations in Paragraph 260 in part purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied. Federal Defendants deny any remaining allegations in Paragraph 260.

261. The allegations in Paragraph 261 purport to characterize Revolution Wind's lease, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the lease, they are denied.

262. Federal Defendants deny the allegations in Paragraph 262.

263. The allegations in the first sentence of Paragraph 263 are legal conclusions to which no response is required. With respect to the second sentence of Paragraph 263, Federal Defendants admit that notice was not provided to Revolution Wind prior to issuance of the December 2025

Stop Work Order. Federal Defendants deny any remaining allegations in the second sentence of Paragraph 263.

264.    The allegations in Paragraph 264 purport to characterize OCSLA, the lease, and the December 2025 Stop Work Order, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the referenced statute and documents, they are denied.

265.    Federal Defendants deny the allegations in Paragraph 265.

266.    Federal Defendants deny the allegations in Paragraph 266.

267.    Federal Defendants deny the allegations in Paragraph 267.

268.    Federal Defendants deny the allegations in Paragraph 268.

269.    Federal Defendants deny the allegations in Paragraph 269.

270.    Federal Defendants incorporate their responses to the preceding paragraphs.

271.    Federal Defendants deny the allegations in Paragraph 271.

272.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 272 and deny them on that basis.

273.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 273 and deny them on that basis.

274.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 274 and deny them on that basis.

275.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 275 and deny them on that basis.

276.    Federal Defendants deny the allegations in Paragraph 276.

277.    Federal Defendants deny the allegations in Paragraph 277.

278.    Federal Defendants deny the allegations in Paragraph 278.

279.    Federal Defendants deny the allegations in Paragraph 279.

280.    Federal Defendants deny the allegations in Paragraph 280.

The remainder of Plaintiffs' Supplemental Complaint constitutes their prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Dated: February 20, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General

*s/ Amanda K. Rudat*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
AMANDA K. RUDAT
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-1937 (Swanson)
Telephone: (202) 532-3201 (Rudat)
kristofor.swanson@usdoj.gov
amanda.rudat@usdoj.gov

*Attorneys for Federal Defendants*