UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| REVOLUTION WIND, LLC,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>DOUGLAS BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>　　　　*Federal Defendants*,<br><br>　and<br><br>GREEN OCEANS,<br><br>　　　　*Intervenor-Defendant.*<br><br>STATE OF RHODE ISLAND, et al.,<br><br>　　　　*Plaintiff,*<br><br>　　v.<br><br>DOUGLAS BURGUM, in his official capacity as Secretary of the Interior, et al.,<br><br>　　　　*Federal Defendants*. | Case Nos. 1:25-cv-2999, 1:25-cv-4328 (Consolidated)<br><br>Hon. Royce C. Lamberth |

**FEDERAL DEFENDANTS' MOTION FOR EXTENSION OF TIME TO LODGE THE ADMINISTRATIVE RECORDS**

　　Federal Defendants respectfully request a 25-day extension, to April 17, of their deadline to produce the administrative records to the other parties and to file the certified index of the administrative records in the above-captioned cases. Revolution Wind, Rhode Island, and Connecticut oppose an extension of any length. Intervenor-Defendant Green Oceans does not oppose the motion.

1

Plaintiffs challenge two orders issued by the Bureau of Ocean Energy Management ("BOEM") to Revolution Wind, LLC.  The first is a stop work order issued in August 2025, and the second is an order issued in December 2025 suspending activities on Revolution Wind's lease for 90 days.  Letter from Matthew Giacona to Rob Keiser (Aug. 22, 2025), Dkt. No. 52-1 ("August Stop Work Order"); Letter from Matthew Giacona to Rob Keiser (Dec. 22, 2025), Dkt. No. 52-2 ("December Suspension Order").  The December Suspension Order was based on classified information BOEM received from the Department of War describing "the rapid evolution of relevant adversary technologies and the resulting direct impacts to national security from offshore wind projects."  December Suspension Order.  BOEM determined that the Project's current mitigation measures did not adequately provide for protection of national security interests.  Decl. of Jacob Tyner ¶ 7 (Jan. 8, 2026), Dkt. No. 60-1.  BOEM intended to determine whether additional mitigation would address these concerns within the 90-day review period, but BOEM explained that a longer review period may be necessary based on the status of its discussions with the Department of War.  December Suspension Order.  The Court has preliminarily enjoined both the August Stop Work Order and December Suspension Order.  Dkt. Nos. 36, 63, 64.

Good cause exists for the requested extension of Federal Defendants' March 23 administrative record deadline.  The December Suspension Order expires under its own terms on March 22 absent further action from BOEM.  December Suspension Order.  Further, the Order contemplates that BOEM may be making a further decision regarding the Project—the Order's goal was to facilitate discussions in that regard.  *See id.*  Indeed, representatives from Interior and Revolution Wind are engaged in those discussions, with Revolution Wind providing information as recently as February 23.  The result of those discussions and the agency's review will likely clarify whether this case will necessitate a substantively different legal analysis or, indeed, whether

Plaintiffs' claims challenging the December Suspension Order should proceed at all. Should BOEM, Revolution Wind, and the Department of War be able to identify feasible mitigation measures to address the national security concerns, it is likely the parties would be able to explore a resolution of at least some of Plaintiffs' claims without further litigation.[1] Conversely, if BOEM takes a new action impacting the Revolution Project, it would likely affect the parties' positions and contentions in this case. At a minimum, it would result in a new final agency action, any challenge to which could result in amended complaints.

It would not be an efficient use of resources to proceed immediately with compiling the records for both challenged orders and subsequent litigation steps where at least some of Plaintiffs' claims are likely to be mooted or impacted by the ongoing administrative proceeding and any future BOEM decision. *See IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (a court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"); *Nat. Res. Def. Council v. Kempthorne*, No. 1:05-cv-1207-LJO-GSA, 2015 WL 3750305, at *8 (E.D. Cal. June 15, 2015) ("The efficiencies of Federal Defendants' proposed [stay] are obvious. . . . Depending on the outcome of the [agency's action on remand], the Court's intervention may not be needed at all. Even if further judicial intervention is sought, the Court and the parties would benefit from an updated record that may address some of the numerous issues raised in this case[.]"). Though the timing of any further action by BOEM is uncertain, an extension to April 17 would give the parties an opportunity to assess the situation following March 22 and confer regarding further proceedings. It would also

---

[1] The August Stop Work Order also cited national security concerns. *See* August Stop Work Order.

3

allow Federal Defendants to focus their limited resources on the additional review envisioned by the December Suspension Order instead of litigation. *Nat. Res. Def. Council*, 2015 WL 3750305, at *8 (finding a stay justified in part because the "federal agencies would be required to dedicate staff time and resources to litigating the merits of [p]laintiffs' claims, [when] those resources could be re-directed to other efforts"); *see Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government").

Plaintiffs would not be prejudiced by the requested 25-day extension. Both the August Stop Work Order and December Suspension Order have been preliminarily enjoined, allowing Revolution Wind to proceed with the Project while this case is pending. Dkt. Nos. 36, 63, 64. So long as those injunctions remain in place, Plaintiffs are "unlikely to be prejudiced" by an extension "that could reduce the burden of litigation on [all] parties." *Cunningham v. Homeside Fin., LLC*, No. 17-cv-2088-MJG, 2017 WL 5970719, at *2 (D. Md. Dec. 1, 2017); *cf. Friends of Animals v. Williams*, 628 F. Supp. 3d 71, 78 (D.D.C. 2022) (finding the "delay of potentially unnecessary litigation is not the sort of undue prejudice that defeats a request for voluntary remand").

In sum, an extension of Federal Defendants' administrative record deadline to April 17 would allow the parties an opportunity to assess the state of affairs following the December Suspension Order's current March 22 expiration date before pushing forward with litigating claims that might change. And given the Court's preliminary injunction orders, the extension would not prejudice Plaintiffs.

Dated: March 11, 2026

                                        ADAM R.F. GUSTAFSON
                                        Principal Deputy Assistant Attorney General

                                        PETER M. TORSTENSEN, JR.
                                        Deputy Assistant Attorney General

                                        *s/ Amanda K. Rudat*
                                        KRISTOFOR R. SWANSON
                                        (Colo. Bar No. 39378)
                                        AMANDA K. RUDAT
                                        Natural Resources Section
                                        Environment & Natural Resources Division
                                        United States Department of Justice
                                        P.O. Box 7611
                                        Washington, D.C. 20044
                                        Telephone: (202) 598-1937 (Swanson)
                                        Telephone: (202) 532-3201 (Rudat)
                                        kristofor.swanson@usdoj.gov
                                        amanda.rudat@usdoj.gov

                                        *Attorneys for Federal Defendants*