**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REVOLUTION WIND, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. Nos. 1:25-cv-04328-RCL; |
| DOUGLAS BURGUM *et al.*, | ) | 1:25-cv-02999-RCL (Consolidated) |
| Defendants, | ) | Hon. Royce C. Lamberth |
| *and* | ) | |
| GREEN OCEANS, | ) | |
| Defendant-Intervenor. | ) | |
| STATE OF RHODE ISLAND *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR *et al.*, | ) | |
| Defendants. | ) | |

**MOTION TO WITHDRAW AS COUNSEL FOR
DEFENDANT-INTERVENOR**

Defendant-Intervenor's counsel, Roger J. Marzulla, Nancie G. Marzulla, and Mollie A. Jackowski of Marzulla Law, LLC, move to withdraw as counsel for Defendant-Intervenor Green Oceans under Local Civil Rule 83.6(c) and Rule 1.16 of the District of Columbia Rules of Professional Conduct.

Defendant-Intervenor, Green Oceans, does not consent to Marzulla Law's motion.

1

Counsel have conferred with counsel for Plaintiff, Revolution Wind, LLC, counsel for Plaintiffs, the State of Rhode Island et al., and counsel for the Federal Defendants, and have been advised that none of the other parties in this litigation take a position as to this motion.

Withdrawal is necessary because professional considerations affecting the attorney-client relationship and irreconcilable differences between counsel and the client have made continued representation impracticable and unduly burdensome. Granting this motion will not unduly delay these proceedings or prejudice any party, as the Administrative Record has yet to be filed (the Government has requested an extension), and a briefing schedule for summary judgment has yet to be set.

For the reasons set forth in the accompanying Memorandum of Points and Authorities, good cause exists for withdrawal. The Court should grant this motion and permit Roger J. Marzulla, Nancie G. Marzulla, and Mollie A. Jackowski to withdraw as counsel for Defendant-Intervenor Green Oceans. Additionally, Green Oceans has asked counsel to request an additional 30 days to identify substitute counsel.

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla, Bar No. 394907
Nancie G. Marzulla, Bar No. 400985
Mollie A. Jackowski, Bar No. 1780535
Marzulla Law, LLC
1150 Connecticut Ave., NW
Suite 1050
Washington, DC 20036
Tel: (202) 822-6760
roger@marzulla.com
nancie@marzulla.com
mollie@marzulla.com

March 23, 2026                                    Attorneys for Green Oceans

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| REVOLUTION WIND, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| DOUGLAS BURGUM *et al.*, | ) | C.A. Nos. 1:25-cv-04328-RCL; 1:25-cv-02999-RCL (Consolidated) |
| Defendants, | ) | Hon. Royce C. Lamberth |
| *and* | ) | |
| GREEN OCEANS, | ) | |
| Defendant-Intervenor. | ) | |
| STATE OF RHODE ISLAND *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES DEPARTMENT OF THE INTERIOR *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS DEFENDANT-INTERVENOR'S COUNSEL**

Defendant-Intervenor's counsel, Roger J. Marzulla, Nancie G. Marzulla, and Mollie A. Jackowski of Marzulla Law, LLC, move to withdraw as counsel for Defendant-Intervenor, Green Oceans, under Local Civil Rule 83.6(c). Irreconcilable differences have arisen between counsel and Green Oceans, which make continued representation and the performance of additional legal

1

work for Green Oceans inequitable under Local Civil Rule 83.6(c)[1] and District of Columbia Rule of Professional Responsibility 1.16.[2]

Counsel has given notice to Green Oceans of their intent to withdraw as counsel in this case and Green Oceans has been advised of its right to object to this motion, and if so, to notify the Clerk of the Court in writing within seven days of service of this motion. Green Oceans has also been advised of its need to obtain substitute counsel.

Marzulla Law has conferred with counsel for Plaintiff, Revolution Wind, LLC, counsel for Plaintiffs, the State of Rhode Island et al., and counsel for the Federal Defendants, and has been advised that none of the other parties in this litigation take a position as to this motion.

Granting this motion to withdraw will not unduly delay resolution of the claims in this case and there will be no prejudice to Green Oceans by virtue of this withdrawal. Counsel has, and will continue to, work with Green Oceans to obtain new counsel and to facilitate a smooth and orderly transition of this case to new counsel.

Good cause exists for withdrawal and the Court should grant this motion.

**Background**

Green Oceans and other clients retained Marzulla Law to challenge the federal approvals for the Revolution Wind Project and the South Fork Wind Project. Marzulla Law filed suit on behalf of Green Oceans and those clients challenging those approvals as arbitrary and capricious and contrary to federal law in violation of the Administrative Procedure Act and other federal statutes. Marzulla Law has diligently and vigorously represented the plaintiffs in those cases

---

[1] LCvR 83.6(c).
[2] District of Columbia Rules of Professional Conduct, Rule 1.16.

since they were filed and has litigated those matters through the filing of the complaints, preliminary motions, and summary judgment briefings.

In early September 2025, after becoming aware of Revolution Wind, LLC's lawsuit in this Court and the States' lawsuit in the District of Rhode Island to enjoin the Government's Stop Work Order, Green Oceans authorized Marzulla Law to move to intervene in both cases. Green Oceans subsequently moved to intervene in both cases, and this Court granted Green Oceans' motion to intervene in Revolution Wind, LLC's case.[3]

Counsel first communicated with Green Oceans in early December 2025 regarding this matter and on February 9, 2026, counsel sent a letter to Green Oceans again informing Green Oceans that professional considerations and irreconcilable differences required the firm to withdraw from the representation, requesting Green Oceans' consent to withdrawal and advising Green Oceans immediately to obtain substitute counsel. Counsel have also provided the Green Oceans Executive Committee with summaries of the pending cases and applicable deadlines so that substitute counsel could assume responsibility for the litigation without disruption.

Counsel ask this Court to grant their motion because continuing to do further legal work for Green Oceans would not be in the interest of justice and would not unduly delay resolution of the claims or unfairly prejudice Green Oceans.

**Legal Standard**

Whether to allow an attorney to withdraw from representation lies within the court's discretion.[4] In exercising that discretion, courts consider, among other things, "'the length of time the case and dispositive motions have been pending, the time it would take for the

---

[3] Order Granting Intervention, ECF No. 27 (Sept. 17, 2025).
[4] *See Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 219 F. Supp. 3d 155, 158 (D.D.C. 2016).

unrepresented party to search for and secure new legal representation, and that degree of financial burden that counsel would suffer if the court required him to remain in the case.'"[5] "Good cause for withdrawal exists when continued representation is impossible due to forces beyond the attorney's control, as when withdrawal is necessary because of ethical or financial imperatives."[6]

Local Civil Rule 83.6, which governs attorney withdrawal in this Court, states: "[I]f a party's written consent is not obtained, . . . an attorney may withdraw an appearance for a party only by order of the Court upon motion by the attorney served upon all parties to the case."[7]

The District of Columbia Rule of Professional Conduct 1.16 likewise permits withdrawal of representation where irreconcilable differences make continued representation impracticable and burdensome.[8]

### 1.    Irreconcilable Differences and Professional Considerations Constitute Good Cause for Withdrawal

Good cause exists for withdrawal because irreconcilable differences have arisen that make continued representation impracticable. The District of Columbia Rules of Professional Conduct permit withdrawal under such circumstances.[9] This Court recognizes that withdrawal is appropriate when the attorney-client relationship has deteriorated or where circumstances arise that make continued representation unreasonably difficult.[10]

---

[5] *Partridge v. Am. Hosp. Mgmt. Co., LLC*, 289 F. Supp. 3d 1, 24 (D.D.C. 2017) (quoting *Laster v. D.C.*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006)).

[6] *Bayerische Motoren Werke AG v. Arigna Tech. Ltd.*, No. CV 23-1190 (RC), 2024 WL 2864225, at *2 (D.D.C. June 6, 2024) (internal quotation marks omitted).

[7] LCvR 83.6(c).

[8] District of Columbia Rules of Professional Conduct, Rule 1.16.

[9] *Id.*

[10] *Partridge*, 289 F. Supp. 3d at 25 (circumstances supported granting counsel's motion to withdraw).

Counsel have provided Green Oceans with notice of their intent to withdraw and advised Green Oceans to obtain substitute counsel on February 9, 2026, and again on March 11, 2026. In addition, since late 2025, counsel have repeatedly informed Green Oceans that professional considerations made continued representation impracticable and overly burdensome and required withdrawal from the representation and requested the client's consent to withdrawal.[11] Counsel also provided Green Oceans with information regarding the status of the case and upcoming deadlines so that substitute counsel could assume responsibility for the litigation without disruption. Despite that notice—and repeated assurances that substitute counsel would be retained—Green Oceans has neither consented to withdrawal nor secured replacement counsel.

These facts constitute good cause for withdrawal.

**2.      Requiring Marzulla Law to Continue Representation Would Impose an Unreasonable Burden**

Courts also recognize that requiring counsel to continue representing clients after irreconcilable differences have made continued representation impracticable would impose precisely the type of unreasonable burden courts recognize as good cause for withdrawal.[12]

This case involves complex federal challenges to the Department of the Interior's Stop Work Order. Reviewing the Administrative Record—which has yet to be filed—and Revolution Wind's motion for summary judgment and preparing a cross-motion and response will impose a substantial burden on present counsel that is impracticable under the current circumstances.

---

[11] *See*, *e.g.*, *Hudson v. Am. Fed'n of Gov't Emps.*, 391 F. Supp. 3d 71, 75 (D.D.C. 2019) (attorneys provided notice of potential withdrawal months before filing motion); *see Laster*, 460 F. Supp. 2d at 113–114 (providing six months' notice of withdrawal).
[12] *Alexian Bros. Med. Ctr. v. Sebelius*, 63 F. Supp. 3d 105, 109 (D.D.C. 2014) (granting motion to withdraw because litigating a complex federal case "is a significant endeavor" and compelling an attorney to remain in a civil action "may subject the attorney to irreparable harm and amounts to an order of specific performance.") (internal citations and quotations omitted).

**3.      Withdrawal Will Not Unduly Delay the Proceedings or Prejudice Any Party**

Allowing withdrawal will not unduly delay these proceedings or prejudice any party. Green Oceans has been aware since February 2026 that Marzulla Law intends to withdraw and has been advised to obtain substitute counsel. Despite repeated assurances that it would do so, Green Oceans has failed to secure replacement counsel. Counsel provided additional notice on March 11, 2026 that it would be filing this motion and again advised Green Oceans to retain substitute counsel.

Granting this motion will not delay the proceedings in this case. The administrative record has yet to be filed (and the deadline may yet be extended), and cross-motions for summary judgment have not yet been scheduled and remain months away. No imminent filing deadline would be affected by withdrawal.

**Conclusion**

Counsel ask this Court to grant their Motion allowing Roger J. Marzulla, Nancie G. Marzulla, and Mollie A. Jackowski of Marzulla Law, LLC to withdraw as counsel for Defendant-Intervenor Green Oceans. Counsel also ask this Court to allow Defendant-Intervenor 30 days to identify substitute counsel.

Respectfully submitted,

s/ Roger J. Marzulla
Roger J. Marzulla, Bar No. 394907
Nancie G. Marzulla, Bar No. 400985
Mollie A. Jackowski, Bar No. 1780535
Marzulla Law, LLC
1150 Connecticut Ave., NW Suite
 1050
Washington, DC 20036
Tel: (202) 822-6760
roger@marzulla.com
nancie@marzulla.com
mollie@marzulla.com

6

March 23, 2026                                        Attorneys for Green Oceans

**LCvR 83.6(c) Certificate**

On March 23, 2026, Marzulla Law, LLC, through attorneys Roger J. Marzulla, Nancie G. Marzulla, and Mollie A. Jackowski, served upon Green Oceans, by prepaid USPS Priority Mail, a copy of this Motion to Withdraw and a notice advising Green Oceans to obtain substitute counsel and informing Green Oceans to notify the Clerk in writing within seven days if it opposes the Motion to Withdraw. Green Oceans' address is:

Green Oceans
P.O. Box 976
Little Compton, RI 02837